CALVIN C. BURT v. THE CIRCUIT JUDGES OF WAYNE COUNTY.

*Pleading—Puis darrein continuance—Replication.*

No replication need be filed by the plaintiff to a notice of matter of defense arising after the joining of issue, filed by the defendant under Circuit Court Rule No. 106.

*Mandamus.* Submitted March 1, 1892. Granted March 9, 1892.

Relator applied for *mandamus* to compel respondents to set aside his default entered for want of a replication to a notice of matter of defense filed under Circuit Court Rule No. 106. The facts are stated in the opinion.

*Calvin C. Burt,* in *pro. per.* (*Stewart & Galloway,* of counsel), for relator.

PER CURIAM. On March 16, 1886, the relator commenced a suit by *capias* against William B. Hayes in the superior court of Detroit. Hayes was held to bail by an order of the court, and upon his arrest gave bail

to the sheriff, as required by the order. He subsequently appeared in the case by attorney, and pleaded the general issue. The action was for assault and battery. The cause was tried in the superior court before Judge Chipman and a jury, and a verdict rendered in favor of the relator for $500. On motion of the plaintiff this verdict was set aside in the superior court. At the time the superior court was abolished this cause was transferred, under the statute, to the Wayne circuit court, and stood for trial in that court. While the cause was at issue in that court, it appears that Hayes left the State, and has not returned to it. Thereupon the sureties upon his bail-bond made overtures to the relator for a compromise of their responsibility as bail for Mr. Hayes. The matter was compromised by payment by the sureties to Mr. Burt of the sum of $500; it being agreed between them, however, that such compromise should in no manner affect the right of the relator in his suit against Hayes. After this compromise was effected, the attorney for Hayes filed his plea *puis darrein continuance* in that court, setting out in the plea that the compromise of the sureties on the bail-bond operated as a discharge of the defendant from all liability in the principal action. The relator filed no replication to this plea, but treated it simply as a notice under the plea of the general issue. The defendant's attorney subsequently entered the default of the relator in not replying to the plea, and thereafter this default was made absolute by order of the court.

The relator contends, in his petition for *mandamus*, here, that the case has been on the calendar for trial for 23 terms of that court, and that he has been prevented by frivolous excuses from bringing it to hearing, and he asks a *mandamus* directing—

1. That this default be set aside, and the plea treated simply as a notice under the general issue.

2. That the court proceed to the hearing of the case in preference to other cases now on the docket, by reason of the fact of its long standing upon the docket, and his effort to get it to trial.

An order to show cause was issued, and the presiding judge of that court has made return, by which it is claimed that—

1. Default was properly entered by reason of the failure of the relator to reply to the plea.

2. There is nothing in the case which requires that it be preferred over other cases awaiting trial before the Wayne circuit court.

Under the practice at the common law, when a plea *puis darrein continuance* was filed it had the effect to eliminate all other defenses, as by that proceeding the defendant abandoned his former plea, and placed the issue of the suit entirely on the new plea. It therefore became the duty of the plaintiff to reply to such plea, and upon failure to do so his default would be taken. *Whittemore v. Stephens*, 48 Mich. 573.

On the 30th of April, 1884, this Court, however, adopted Circuit Court Rule 106, which provides:

"When matter shall arise subsequent to the joining of issue in a suit at law, which the defendant shall desire to rely upon as a defense, he shall be at liberty to give notice thereof as a special defense under the plea of the general issue, and the filing of such a notice shall not be deemed a waiver of other defenses. The notice shall be served under the rules for the service of pleas, and no replication thereto shall be necessary. The notice shall be interposed under the practice heretofore regulating the filing of pleas *puis darrein continuance*, and, if the filing is after the case is noticed for trial, or during a term of court when the case is on the docket for trial, the plaintiff shall not be compelled to proceed to trial at that term, and costs of continuance shall be in the discretion of the court."

Under this rule, which was adopted prior to the bringing of this suit and the filing of the plea, the plea stands simply as a notice under the general issue, and required no reply. The court was therefore in error in treating it as a plea requiring a replication, and in entering default absolute for want of reply. This default must be set aside, and the case will stand for trial upon the declaration, plea of the general issue, and notice contained in the plea.

It is apparent that the plaintiff has been deprived of the right to try his case in the regular order in which it is entitled to be placed upon the calendar of that court. We can make no order advancing the case upon the calendar, but we think it the duty of the court below to permit the plaintiff to try his case at the earliest possible moment consistent with the business of that court, and when it shall be reached in its regular order upon the docket.

The writ of *mandamus* will issue directing that court to set aside the default, and to proceed to the trial of the cause when it shall be reached in its proper order upon the docket, unless continued upon proper showing.