## SWANTEK *v.* JARMOSZKA.

JUSTICES OF THE PEACE—APPEAL—CERTIORARI AS EVIDENCE.
   After the removal of a cause by appeal from justice's to circuit court the justice's return to a writ of certiorari is of no effect and is incompetent as evidence in aid of a motion to dismiss the appeal. 1 Comp. Laws, § 918.

Error to Kent; McDonald, J. Submitted October 15, 1909. (Docket No. 99.) Decided December 10, 1909.

Assumpsit in justice's court by Peter Swantek against Stephen Jarmoszka for work and labor. Plaintiff recovered judgment for an insufficient amount, and appealed to the circuit court. The defendant subsequently took out certiorari upon the justice's judgment. An order granting a motion to dismiss the appeal is reviewed by plaintiff on writ of error. Reversed.

*George Hollway*, for appellant.

*Hatch & Raymond,* for appellee.

McALVAY, J. Plaintiff on May 11, 1908, recovered a judgment in justice's court in the city of Grand Rapids against defendant in an action in assumpsit for $160 damages and costs of suit. This amount being much less than the amount claimed by plaintiff, he in due time took a general appeal to the circuit court for Kent county. The return to this appeal was taken May 16, and filed May 19, 1908. Steps taken by him in making this appeal, and the return by the justice, appear to be regular in all respects. Afterwards defendant took steps to remove the case to the said circuit court by writ of certiorari. The return to this writ was made by the justice on June 30, 1908. Plaintiff's appeal was duly noticed and regularly set for trial upon the circuit court jury calendar for the September term following. At that term defendant moved to dismiss the appeal for the reasons:

(*a*) That the judgment was rendered by the justice when without the limits of the city of Grand Rapids and while in Benzie county, sending a memorandum of said judgment by mail to the clerk of his court.

(*b*) That he so decided it on May 11, 1908, which was the third day after the trial, when he had announced that he would take four days in which to decide the case.

These are all the objections made to the regularity of

the proceedings, or to the judgment. This motion was founded upon the return of the justice to the writ of certiorari. Upon the hearing of this motion the case was stricken from the calendar on motion of defendant's attorneys. The case was again noticed for trial by plaintiff for the December term of said court, and defendant made the same motion to dismiss the appeal upon the same grounds. The motion was granted, and a judgment entered accordingly. Plaintiff by writ of error asks a review of the case upon errors assigned.

The contention is that the court erred in considering the return in the certiorari case upon the motion to dismiss, and in dismissing the appeal on account of statements contained in such return. As far as this record shows, no hearing has ever been had in the certiorari case. The only use which has been made of the return of the justice in it has been for the purposes of the motion to dismiss the appeal of plaintiff. The situation is a novel one. We consider the error assigned upon exceptions taken broad enough to go to the competency of the return in the certiorari case as evidence. The appeal had been taken regularly, and the return made and filed in the circuit court, before the proceedings for certiorari were taken. It is well settled that after an appeal is perfected the justice has no further jurisdiction over the case. The statute reads:

"On filing the return of the justice the circuit court shall become possessed of the cause the same as if it had been originally commenced in said appellate court, subject to the same rules and regulations." Section 918, 1 Comp. Laws.

Therefore after this appeal the justice had no jurisdiction of the case. His return to the writ of certiorari was of no valid force or effect. The action of the court in dismissing the case, having been founded solely upon the recitals contained in the return of the justice to the writ of certiorari, was erroneous.

It is not necessary to discuss other matters argued in

the briefs of the parties.  No other relevant or material questions are presented.

The judgment is reversed and set aside, and the case is remanded to the circuit court for further proceedings.

BLAIR, C. J., and GRANT, MOORE, and BROOKE, JJ., concurred.