## SWANTEK v. JARMOSZKI.

1. JUSTICES OF THE PEACE — APPEAL — PLEADING — PLEA PUIS
DARREIN CONTINUANCE—SPECIAL DEFENSE.
   The defense, on appeal from justice's court, that the judgment
   in the court below was rendered while the justice was absent
   from the jurisdiction, should not be presented by a plea *puis*
   *darrein continuance*, but by a special notice of defense.

2. SAME—CERTIORARI—APPEAL—JURISDICTION.
   The circuit court has no jurisdiction to review by certiorari a
   justice's judgment which has been removed by appeal of the
   opposite party to the circuit court, before the writ of certi-
   orari was issued.

3. SAME—CERTIORARI—DISCRETION.
   The circuit court may exercise some discretion in refusing to
   permit an appeal from justice's court to be dismissed by the
   appellant.

4. SAME—JUDGMENT—DEFENSES—RECORD.
   The entry of judgment upon the docket of the justice imports
   the presence of the justice within the jurisdiction, consti-
   tutes the best evidence of such presence, and may not be dis-
   puted on appeal.

Error to Kent; McDonald, J. Submitted June 14,
1910. (Docket No. 62.) Decided September 27, 1910.

Assumpsit by Peter Swantek against Stephan Jar-
moszki for work and labor. Plaintiff recovered judg-
ment for an insufficient amount, and appealed to the cir-
cuit court. A judgment sustaining defendant's plea
*puis darrein continuance*, and dismissing the appeal,
is reviewed by plaintiff on writ of error. Reversed.

*George Hollway*, for appellant.

*Hatch & Raymond*, for appellee.

OSTRANDER, J. Plaintiff appealed to the circuit court

from a judgment in his favor rendered in justice's court. The return on appeal was made and filed May 19, 1908, and shows a valid judgment rendered May 11, 1908. Thereafter, on June 9, 1908, the attorney for the defendant made an affidavit for a writ of certiorari which was allowed and issued June 10, 1908, and to this writ the justice made a return dated June 30, 1908. The use first made of the return to the writ of certiorari and the effect given to it in the circuit court is indicated by the opinion of this court reported in 159 Mich., at page 99 (123 N. W. 573). The cause, having been remanded, came on for trial of the said appeal on March 8, 1910, at which time defendant filed a plea *puis darrein continuance,* setting up that after the last continuance of the cause— that is, after January 25, 1909, and on May 5, 1909— said judgment of the justice had been reversed and annulled by the judgment of said circuit court in said certiorari proceedings, which said judgment of the circuit court was in force. It set up also that the judgment was void and the justice lost jurisdiction "to make and return the appeal" because, after the cause was submitted, on May 8, 1908, and before he decided the case, the justice left the city of Grand Rapids and did not return thereto within the time limited by law for deciding the case, but decided the case "and rendered said judgment" when in the county of Benzie, in Michigan, beyond his territorial jurisdiction. In support of this plea, and over the objections of the plaintiff, the defendant offered in evidence the return of the justice to the writ of certiorari, the judgment in certiorari, and the testimony of the justice's clerk. The court dismissed the appeal, finding that the justice had no jurisdiction to render the judgment. The return of the justice of the peace to the writ of certiorari states that he was in fact absent from the city of Grand Rapids, in another county of this State, on the day the judgment was rendered, and that he transmitted his decision, by mail, to the clerk of his court, who entered the same in the docket, which was later signed by

the justice. He returns, also, that, after the cause was submitted to him, he announced that he would take four days in which to decide it, and that his letter to his clerk, containing his decision, dated May 11th, reached the clerk on May 12th, and that he did not return to Grand Rapids until more than the four days had elapsed.

The case now presented is not, in its facts, precisely the case considered by this court at the former hearing, in this, that there has since been a judgment rendered in the certiorari proceeding. The practice was, in any event, irregular. The matter set out in the plea *puis darrein* should have been treated as special matter of defense (*People, ex rel. Esper,* v. *Plank-Road Co.,* 125 Mich. 366 (84 N. W. 290); *Burt* v. *Wayne Circuit Judges,* 90 Mich. 520 (51 N. W. 482); Circuit Court Rule 9, Stevens' Notes), and the trial should have proceeded upon the issue theretofore joined and the alleged special matter.

The meritorious question was, if not directly, at least practically, determined by the former opinion of this court. The circuit court became possessed of this cause when the return to the appeal was filed, "the same as if it had been originally commenced in said appellate court, subject to the same rules and regulations." 1 Comp. Laws, § 918. There was then no judgment of the justice to be affected by any other proceeding. The right to review the judgment of the justice in certiorari proceedings did not exist because there was no judgment to be reviewed. The circuit court had no jurisdiction in certiorari, and this appears, affirmatively, by the record. The judgment in certiorari is therefore void. It is suggested that in a similar case the plaintiff may dismiss his appeal, and the justice's judgment may be thus revived after the time limited for suing out a statutory writ of certiorari has expired. We apprehend no trouble will ever arise out of such a state of facts. The common-law writ of certiorari issues in proper cases, and the circuit court may also exercise some discretion in refusing to permit an appeal to be dismissed. The law contemplates a trial upon the

merits, in some court, in cases like the one before us, and such a trial this defendant may have in the circuit court.

The judgment is reversed, and the record remanded so that a trial may be had.

It is inferred from the course pursued in this case that the matter now twice successfully urged in the circuit court by defendant will again be urged, if it is possible to do so, as special matter of defense, or otherwise, upon the trial of the cause. It is therefore proper to say that the alleged controlling fact upon which defendant relies, namely, that the judgment was rendered by the justice at a time when he was not in the jurisdiction, is not available to defendant on the trial of the appeal. The day on which a justice renders judgment is required to be entered on his docket. The entry, when made, imports his presence within the jurisdiction, as well as the fact and amount of the judgment. As to such occurrences the docket is the best evidence and may not be disputed by him. *Weaver* v. *Lammon*, 62 Mich. 366, 368 (28 N. W. 905). The opinion of this court in *Toliver* v. *Brownell*, 94 Mich. 577 (54 N. W. 302), emphasizes the rule, but in the conclusion appears to treat the fact of the presence or absence of the justice, on judgment day, one which may be established by parol. We approve the doctrine stated, but not the conclusion which was reached.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.