SWANTEK *v.* JARMOZSKI.

CERTIORARI—COSTS—REVERSAL—RECOVERY OF COSTS PAID.
    While plaintiff in certiorari is entitled to recover back costs paid by him on a judgment in the circuit court that was declared void and reversed on error, his remedy is by a new action; the circuit court has no jurisdiction, on motion to dismiss the proceedings in certiorari, to enter an order requiring the repayment to plaintiff of costs which he was compelled to pay to avoid a levy.

Error to Kent; Brown, J. Submitted January 10, 1913. (Docket No. 58.) Decided April 8, 1913.

Assumpsit in justice's court by Peter Swantek against Stephan Jarmozski for services rendered. Defendant appealed to the circuit court and later took out a writ of certiorari. The Supreme Court having held the writ of certiorari void, plaintiff moved in the lower court to dismiss and demand a judgment for costs previously paid by him to defendant to avoid execution levy. An order denying such relief is reviewed by plaintiff on writ of error. Affirmed.

*Carroll, Kirwin & Hollway,* for appellant.

*Hatch, McAllister & Raymond,* for appellee.

BROOKE, J. This case has been before this court upon two former occasions (159 Mich. 99 [123 N. W. 573]; 162 Mich. 617 [127 N. W. 800]). A perusal of those opinions will advise the reader of the facts necessary to a full understanding of the question now raised. It appears that, after the decision of this court (162 Mich. 617 [127 N. W. 800]), the parties went to trial upon the merits, with the result that a verdict of no cause of action was rendered. It further appears that the circuit court had, prior to the decision (162 Mich. 617 [127 N. W. 800]), entered judgment for costs against this plaintiff (in the certiorari proceeding) amounting to $38.95; that execution was issued upon said judgment; and that plaintiff was forced to and did pay said sum in order to avoid a levy. This court held, in reviewing the judgment rendered in the case upon appeal, that the judgment rendered in the certiorari case was void for the reasons set out in the opinion (162 Mich. 617 [127 N. W. 800]).

It is therefore clearly apparent that plaintiff was compelled to pay the sum of $38.95 by means of a process of court issued upon a void judgment. It is equally clear that he is entitled to recover this sum from the defendant.

After the last decision of this court, and on April 27, 1911, the circuit court vacated the judgment theretofore rendered against plaintiff in the certiorari case. This action was taken upon motion of the plaintiff and left the certiorari proceeding pending exactly as if no judgment ever had been entered therein. On March 27, 1912, plaintiff (defendant in the certiorari case) brought the case on for hearing and moved for judgment dismissing the writ, with costs, and for the restitution of the sum of $38.95, paid by him to defendant under the void judgment. This the court declined to do, saying:

"I think it is within my right and authority to take notice of the fact that the proceedings are entirely null and void, and to enter an order dismissing the proceedings, and in that dismissal I will authorize the defendant, who is the plaintiff in the original suit, to tax a motion fee of $10; and, in order to get the matter on the record, I will make such a disposition of the case and enter an order dismissing the case and requiring the plaintiff in this certiorari to pay the defendant a motion fee of $10."

An order was thereupon entered as follows:

"In this cause the order of the court is that these proceedings be dismissed with an attorney fee of $10 to the defendant in certiorari, Peter Swantek, and against the plaintiff in certiorari, Stephan Jarmozski."

The plaintiff reviews this judgment by writ of error, contending that he should have been given judgment for restitution of the $38.95, costs which he had already paid under the void judgment.

While this disposition of the matter would have been entirely equitable, we are unable to discover any legal warrant for making it. The statute (1 Comp. Laws, § 951, 5 How. Stat. [2d Ed.] § 12397), provides just the remedy the plaintiff seeks in cases where a justice's court judgment has been paid and is afterwards reversed in the circuit court. The legislature, however, has not seen fit to extend the operation of this statute to void judgments

pronounced by circuit judges, which after payment are reversed.   We are of opinion that plaintiff's only remedy is to bring an independent action for the money which he was required to pay under the void judgment.

The judgment herein is affirmed.

STEERE, C. J., and MOORE, McALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.