DROLSHAGEN v. DROLSHAGEN.

1. APPEAL AND ERROR—RIGHTS OF APPELLANT WHO HAS SATISFIED DECREE APPEALED FROM.

On appeal, a defendant who satisfied the decree of the lower court may be heard in opposition to the plaintiff's right to different relief but not to have the bill dismissed.[1]

[1]Appeal and Error, 3 C. J. § 550 (1926 Anno).

2. SAME.

Although hearing chancery appeals *de novo*, where the defendant satisfied the decree of the lower court, the Supreme Court, on appeal, may not grant plaintiff less than defendant has paid or permit him to recall all or part thereof, or dismiss plaintiff's bill, even though he established no cause for relief.[2]

3. WITNESSES—ATTORNEY AND CLIENT—PRIVILEGE.

In a suit by a son to prevent his father from placing it beyond his power to pass to plaintiff, at the father's death, an interest in a business in accordance with an alleged oral contract, testimony by an attorney as to his employment by defendant and wife to draw up an agreement giving plaintiff an interest in the business was privileged, and therefore should have been excluded.[3]

4. SPECIFIC PERFORMANCE—ORAL CONTRACTS—BURDEN OF PROOF.

Plaintiff asking specific performance of an oral agreement has the burden of establishing said agreement.[4]

5. SAME—EVIDENCE—SUFFICIENCY.

Evidence *held*, insufficient to clearly establish an oral agreement by a father to pass to his son an interest in a business at the father's death.[5]

6. APPEAL AND ERROR—SATISFYING OF DECREE REQUIRES AFFIRMANCE.

Where the defendant has satisfied the decree of the lower court, and plaintiff has not established right to other relief, the Supreme Court, on appeal, is required to affirm said decree.[6]

Appeal from Wayne; Mandell (Henry A.), J.     Submitted January 6, 1925.     (Docket No. 25.)     Decided April 3, 1925.

Bill by John Drolshagen against Frank Drolshagen and others for the specific performance of a contract, and for an accounting.     From the decree rendered both parties appeal.     Affirmed.

[2]Appeal and Error, 4 C. J. § 2647; [3]Witnesses, 40 Cyc. p. 2361; [4]Specific Performance, 36 Cyc. p. 691 (1926 Anno); [5]Id., 36 Cyc. p. 691 (1926 Anno); [6]Appeal and Error, 4 C. J. § 3122 (1926 Anno).

*Henry C. Bogle,* for plaintiff.

*Frederick E. McCain,* for defendants.

WIEST, J.     Plaintiff, not satisfied with a decree allowing defendant Frank Drolshagen to pay him, or the clerk of the circuit court, $500 in full satisfaction of his claimed rights, appealed.     Frank Drolshagen is the real defendant, and will be so considered in the course of this opinion.     Defendant paid the money to the clerk, claiming at the same time an appeal.   Having satisfied the decree, defendant can be heard in opposition to plaintiff's right to different relief but not to have the bill dismissed.     While we hear the case *de novo,* the defendant, by satisfaction of the decree in the circuit, has placed it beyond our power to grant plaintiff less than defendant has paid, or permit defendant to recall all or a part of what he has paid, or to dismiss plaintiff's bill, even though we find no cause for relief was established by plaintiff.

Plaintiff is a son of defendant Frank Drolshagen, and filed the bill to prevent his father from placing it beyond his power to pass to plaintiff, at the father's death, a quarter interest in a delicatessen stall and business carried on in the Broadway market in the city of Detroit.     Plaintiff claims his father agreed that if he would give his services to the business he would be paid a salary and five per cent. of the annual net profits, and at the death of his father and mother he should have a one-fourth interest in the business. He alleges performance of the agreement on his part until he was discharged after about ten years of continuous service.     The mother is dead; the father denies any such agreement and claims the services of plaintiff were not satisfactory and several times were dispensed with.

In March, 1924, the father and his two daughters organized a corporation to conduct the business,

capitalizing it at $5,000, with $10 shares, of which the father has 324 shares, his daughter Theresa 172 and his daughter Agnes 4. The manager of the corporation discharged plaintiff.

The circuit judge found the agreement, as claimed by plaintiff, and restrained the father from disposing of 50 shares of the corporation stock held by him, but gave the father the right to pay $500 into court and end the whole matter. The father paid. Plaintiff insists the decree should have restrained his father from disposing of 125 shares of the stock, or have decreed payment of $1,250, its par value, and he should also have five per cent. of the net profits during a term of years. The record discloses the learned circuit judge was of opinion, at the hearing, that plaintiff should have an injunction restraining his father from disposing of 125 shares of the stock, but was not entitled to five per cent. of the net profits. For some reason, not disclosed by the record, the circuit judge modified his view about the stock for the decree related to 50 shares only.

In proof of the claimed agreement for a quarter interest in the business, plaintiff called an attorney at law and showed an employment of the attorney, by the father and mother, to draw up a paper, which the attorney remembers gave plaintiff a quarter interest in the business at the death of his father and mother, but the paper was not executed in his office. This testimony was objected to on the ground of privilege, there being the relation of attorney and client. Whether this testimony was considered by the circuit judge we do not know. The record shows the circuit judge leaned to the opinion it was not competent but it being a chancery case let it be taken. This testimony was incompetent. The relation of attorney and client made the knowledge possessed by the attorney privileged, and it should have been excluded, and we now stand it aside.

A reading of the record does not bring us to agreement with the conclusion reached by the trial judge. Plaintiff asks specific performance of an oral agreement. The burden rests upon plaintiff to clearly establish the agreement. He says the agreement was made in 1912, and his brother Leo supports him to the extent of saying the agreement was talked by his father and mother in his presence in 1919. The record discloses family dissensions. Leo applied to have a guardian appointed for his father. There was a hearing and the proceeding dismissed. The father testified there was no such agreement as claimed by plaintiff. Plaintiff's sister Theresa, who has managed the business for some years, testified she never heard of such an agreement, and his sister Agnes, living all the time at home, testified she never heard of it.

The business was in the hands of a receiver for some time; its successful continuance depends upon retention of a stall in the Broadway market. No leases are there given, and the right to remain exists only from month to month. We are not persuaded that plaintiff has clearly established the agreement, but defendant's performance of the decree requires us to affirm the decree entered in the circuit.

Therefore, the decree is affirmed, with costs to all defendants.

McDonald, C. J., and Clark, Bird, Sharpe, Moore, Steere, and Fellows, JJ., concurred.