HOROWITZ *v.* ROTT.

1. APPEAL AND ERROR—PAYMENT OF AMOUNT FOUND DUE IN SUM-
MARY PROCEEDINGS SATISFIES JUDGMENT FOR RESTITUTION.

Although the amount found due on a land contract in
summary proceedings is not a judgment, its payment
satisfies the judgment for restitution, and no writ of
restitution may issue thereon under Act No. 243, Pub.
Acts 1917.[1]

2. SAME—SATISFACTION OF JUDGMENT LEAVES NOTHING FOR
SUPREME COURT TO REVIEW.

Where the amount found due on a land contract in sum-
mary proceedings was paid, preventing issuance of writ
of restitution, the judgment in the circuit court was satis-
fied, and removal of the case to the Supreme Court by
writ of error brought nothing for review; there being
nothing upon which a writ of error could operate.[2]

3. SAME—PAYMENT OF JUDGMENT UNDER PROTEST.

Jurisdiction to hear and determine moot cases may not
be forced upon the Supreme Court by paying the judgment
in the trial court under protest.[3]

4. SAME—SUMMARY PROCEEDINGS—PERIOD OF REDEMPTION FIXED
BY LEGISLATURE MAY NOT BE EXTENDED BY COURT.

One against whom a judgment has been rendered in the
circuit court has two courses open: to satisfy the judg-
ment or review it in the Supreme Court, but he may not
do both, and the fact that in summary proceedings the
right to redeem is not continued under Act No. 243, Pub.
Acts 1917, until final decision in the Supreme Court, is
no ground for setting aside well-recognized rules of law;
the period of redemption being fixed by the legislature
may not be extended by the court.[4]

5. SAME—CONSTITUTIONAL LAW—MOOT CASES NOT REVIEWABLE.

The legislature having no power to confer jurisdiction on
the Supreme Court to hear and determine moot cases,

[1]Vendor and Purchaser, 39 Cyc. p. 1894; [2]Appeal and Error,
4 C. J. § 3541; [3]Id., 4 C. J. § 3541; [4]Vendor and Purchaser, 39
Cyc. p. 1899.

if 3 Comp. Laws 1915, § 12797, may be construed as so intending, it is unconstitutional.[5]

Error to Wayne; La Joie (Ernest P.), J.  Submitted April 22, 1926.   (Docket No. 1.)   Decided June 7, 1926.

Summary proceedings by Dellis Horowitz against David Rott and another to recover possession of premises sold on a land contract.  There was judgment of restitution before the commissioner, and defendants appealed to the circuit.  Judgment for plaintiff.  Defendants, after payment of amount found due, bring error.  Appeal dismissed.

*Harold M. Shapero* (*Samuel Shapero* and *Paul J. Wieselberg,* of counsel), for appellants.

*Rhodes, Garvett & Frankell* (*Samuel Shimans,* of counsel), for appellee.

FELLOWS, J.  This is a summary proceeding brought before a circuit court commissioner to recover possession of premises in Detroit which had been sold under an executory land contract.  Plaintiff there recovered and the amount due was found.  On trial in the circuit court plaintiff again recovered and the amount due was again found.  Defendants paid to the clerk the amount found due and later prosecuted this writ of error.  We are, therefore, confronted with the question whether this court may review a judgment which has been satisfied and no longer exists.  The amount found due is not a judgment for that amount, but its payment satisfies the judgment for restitution, and no writ of restitution may issue thereon.  Act No. 243, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 13253).  The judgment in the circuit court having been satisfied, there is nothing before us for review,

[5]Constitutional Law, 12 C. J. § 242.

nothing upon which a writ of error can operate.    In *Ideal Furnace Co.* v. *Molders' Union,* 204 Mich. 311, one Murray had been fined $10 for contempt, and paid the fine.    He then sought review in this court. We there said:

"We are convinced that upon this record the questions are purely academic; that no real and substantial controversy is before us; that the order of the court below having been satisfied and the fine paid no relief can be now granted appellant.    The defendant by his own act has discharged the order entered by the court below.    There is nothing before us for determination."

See, also, *Tong* v. *Wayne Circuit Judge,* 231 Mich. 356; *Drolshagen* v. *Drolshagen,* 230 Mich. 444; *People* v. *Ortwski,* 220 Mich. 462; *People* v. *Leavitt,* 41 Mich. 470; *Clairview Park Improvement Co.* v. *Railway,* 164 Mich. 74 (33 L. R. A. [N. S.] 250).    The fact that the payment was made under protest is of no moment. If it were otherwise, the rule would be of no value because by simply paying under protest every case which has become moot could be here heard, and jurisdiction to hear them could be forced upon the court at the will of a party.

It is true that the time fixed in the act of 1917 within which payment may be made is not prolonged by an appeal to this court.    *Smith* v. *Nelson,* 165 Mich. 438; *Security Investment Co.* v. *Meister,* 214 Mich. 337.    But the legislature fixed the period of indulgence for defaulting vendees and it can not be extended by this court.    The proceedings are summary, at least were originally so designed, and although in some instances the statute may not be as favorable as those litigiously inclined might desire, we must take the statute as we find it.    The fact that it does not continue the right to redeem until the final decision in this court is no grounds for setting aside well-recognized rules of law and affords no reason for

this court assuming jurisdiction which it would otherwise not obtain.     When the judgment was rendered two courses were open to defendant.     He could satisfy the judgment or review it in this court.     He could not do both.     He chose by his voluntary act to satisfy it.     When the judgment was satisfied the case was at an end.

But it is insisted by defendant's counsel that jurisdiction has been conferred upon this court to hear cases in which the judgment has been satisfied by section 12797, 3 Comp. Laws 1915.     This section reads:

"In case any amount is collected on any judgment or decree, if such judgment or decree be afterwards reversed the court shall award restitution of the amount so collected, with interest from the time of collection."

Before the enactment of this section we had a similar provision applicable to appeals from justice's court (1 Comp. Laws 1897, § 951), which was held not to apply to cases reversed by this court.     *Swantek* v. *Jarmozski*, 174 Mich. 698.     Possibly this case prompted the present provision in the judicature act. It makes provision for a contingency which may arise. But it can scarcely be treated as a provision intending to confer jurisdiction upon this court to hear and dispose of moot cases.     If it can be so construed, it was beyond the power of the legislature to enact it. *Anway* v. *Railway Co.*, 211 Mich. 592 (12 A. L. R. 26).

The writ of error will be dismissed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.