DEXTER THEATRE CO. *v.* LESHER.

1. GARNISHMENT—PROCESS—SERVICE ON MANAGER OR EMPLOYEE IN CHARGE GOOD.

    If summons in garnishment issued against theatre corporation was served on manager or employee in charge of theatre at time service was had, service was good and commanded attention (3 Comp. Laws 1929, §§ 16009, 16204).

2. SAME—SERVICE ON PROPER PERSON.

    Evidence *held,* sufficient to show that summons in garnishment issued against theatre corporation was served on proper person.

3. SAME—SUFFICIENCY OF MILEAGE FEE.

    Having made no objection to sufficiency of mileage fee tendered with service of summons in garnishment proceeding, defendant may not, after judgment, urge that it was insufficient.

Appeal from Wayne; Browne (Clarence M.), J., presiding. Submitted April 8, 1932. (Docket No. 71, Calendar No. 36,342.) Decided October 3, 1932.

Bill by Dexter Theatre Company, a Michigan corporation, against Charles D. Lesher and others to set aside a judgment against plaintiff as garnishee defendant on the ground of defective service of process. Bill dismissed. Plaintiff appeals. Affirmed.

*Reuben Levin,* for plaintiff.

*Lindley & Delaney,* for defendants.

WIEST, J. This is an appeal by plaintiff from a decree dismissing its bill of complaint, filed to set aside a judgment rendered against it in the court of common pleas for the city of Detroit. A summons in garnishment was issued against plaintiff

corporation, and returned: "served * * * on Dexter Theatre Co. a Mich. corporation the garnishee within named, on the 13th day of March, 1930 by delivering a copy thereof to Miller manager in charge of Dexter Theatre." The garnishee did not appear or file disclosure, and judgment was entered against it under 3 Comp. Laws 1929, § 16206. Execution thereon was issued, and, under stress of levy, the amount of the judgment was paid to an officer and by him paid into court and the judgment thereby satisfied, but, before the money was turned over to the judgment creditor, the bill herein was filed and payment enjoined.

It is contended that it would be useless for the court of equity to void such a satisfied judgment, citing *Drolshagen* v. *Drolshagen*, 230 Mich. 444.

Whether the rule of the *Drolshagen Case* applies we need not decide, for we think the decree right under the evidence.

If Miller was manager, or an employee in charge of the theatre at the time of service of the writ, the service was good and commanded attention.

Miller claims that the writ was offered him but he declined to receive it and it fell to the floor, together with the money fee tendered. Miller informed an officer of the corporation that service of process upon him was attempted and of his claimed frustration of service. What became of the process left on the floor is unexplained, except by a witness who claimed he saw it in the possession of plaintiff's attorney.

The statute, 3 Comp. Laws 1929, § 16204, provides that writs of garnishment in justice's court against a corporation shall be served under "the provisions of law regulating service of summons from justice court upon such corporations in other cases."

3 Comp. Laws 1929, § 16009, relates to service of such process, and provides:

"Process against a corporation, partnership association, or unincorporated voluntary association may be served upon any officer, director or agent thereof, or by leaving same at the office of such corporation, partnership association, or unincorporated voluntary association, with any person in charge thereof, and upon the return of such service being made, such corporation shall be deemed to be in court and the like proceedings, as near as may be, shall be thereupon had as in cases of suits between individuals."

The officer testified that he went to the Dexter Theatre to serve the process, found the office on the second floor closed, and went to the box office where tickets were sold, and asked the cashier if there was anybody in charge of the office that could receive process, and the cashier asked, "What have you got?" and he said "I have a garnishee summons," and was informed that "Mr. Miller is here and he is the manager—he may accept service," and the cashier sent a man to find Mr. Miller, and when Mr. Miller came the officer asked him if he was manager, and received the reply that he was, and then stated to Mr. Miller, "I have a garnishee to serve upon the corporation," and handed him the paper and gave him 50 cents; that Mr. Miller read the paper, did not like it, and started to call the officer names and said he did not want it, and the witness just left it with him and walked away.

Plaintiff claims that Miller was in charge of the ushers and was not manager.

John L. Brown, vice-president of the corporation, testified that Mr. Miller was in the employ of the company as head usher, and was asked: "In case

anything came up, your father or brother wasn't there, would he be the person in charge at that time?" and answered, "Well, if neither of them were there I would assume so."

Whether Harry Brown, general manager of the company, was at the place of business at the time of the service of the process is not made certain by plaintiff's evidence.

It is unnecessary to review the testimony at length. It is sufficient to say that, under the testimony, the service was upon a proper person.

Plaintiff also contends that the service was bad because the fee tendered was insufficient. Having made no objection to the mileage fee at the time of service, defendant (plaintiff herein) may not, after judgment, urge the point.

The decree is affirmed, with costs to defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.