KUSMIERZ v SCHMITT

Docket No. 258021. Submitted October 18, 2005, at Lansing. Decided
November 15, 2005, at 9:15 a.m.

JoAnn and Kerry Kusmierz, Kim L. and James B. Lindebaum, and M
Supply Company brought an action in the Bay Circuit Court
against Joyce and Ronald Schmitt and Diane Rankin, seeking
damages for defamation, intentional infliction of emotional dis-
tress, and invasion of privacy. The complaint and an amended
complaint sought economic damages, including attorney fees pur-
suant to MCL 600.2911(7), but did not request equitable relief. A
case evaluation of $25,000 in favor of the plaintiffs and against
Joyce Schmitt ($17,500) and Diane Rankin ($7,500) were rejected
by all parties except Ronald Schmitt, for whom no cause of action
was found. At trial, the jury found the defendants liable for
$22,000 in damages, which included attorney fees for the Linde-
baums. The court, William J. Caprathe, J., denied the plaintiffs'
later motions for additur or partial new trial and judgment
notwithstanding the verdict and for costs and attorney fees, but
granted injunctive relief. Both sides moved for case evaluation
sanctions under MCR 2.403. The court rejected the defendants'
argument that no case evaluation sanctions were due the plaintiffs
because the jury had already awarded attorney fees to the plain-
tiffs, but determined that the attorney fees awarded by the jury
would be offset against any sanctions awarded the plaintiffs. The
court also determined that its posttrial award of injunctive relief
could be used as a basis for an award of case evaluation sanctions,
which it did, resulting in an award of actual costs of $67,259.60 to
the plaintiffs as case evaluation sanctions and the rejection of the
defendants' claims for case evaluation sanctions. Joyce Schmitt
and Diane Rankin appealed the posttrial award of case evaluation
sanctions.

The Court of Appeals *held*:

1. The circuit court erred by taking into account, in the
determination of case evaluation sanctions, the value of the
equitable relief it ordered because the court had reviewed and
found appropriate the jury's award of attorney fees and costs in
the plaintiffs' motion for additur. Although a trial court generally

may place a value on equitable relief granted and use that value in comparing the verdict and the case evaluation to determine sanctions under MCR 2.403(O), under the circumstances of this case, the determination of costs in this case should have been based on the case evaluation award and the adjusted jury verdict, without any consideration of the value of equitable relief.

2. The circuit court erred by granting actual costs to the plaintiffs as a group. The costs should have been based on a comparison of the amounts of the evaluations and the verdicts with regard to the particular pairs of parties in the multiple party case. MCR 2.403(O)(4)(a). Comparing the case evaluation awards and adjusted jury verdicts relative to each pair of parties, the verdicts for Kim Lindebaum and James Lindebaum were more favorable to them than were the case evaluations, because the verdicts were more than ten percent above the evaluations. MCR 2.403(O)(3). However, the verdicts for JoAnn Kusmierz and Kerry Kusmierz were more favorable to Joyce Schmitt and Diane Rankin than were the case evaluations, because those verdicts were more than ten percent below the evaluations. Accordingly, Joyce Schmitt and Diane Rankin are liable to Kim Lindebaum and James Lindebaum for actual costs including reasonable attorney fees for services necessitated by those defendants' rejection of the case evaluation. MCR 2.403(O)(6). However, JoAnn Kusmierz and Kerry Kusmierz are liable to Joyce Schmitt and Diane Rankin for the actual costs they incurred as the result of the Kusmierzes' rejection of case evaluation.

Orders regarding actual costs vacated and case remanded for further proceedings.

1. PRETRIAL PROCEDURE — CASE EVALUATION — SANCTIONS — EQUITABLE RELIEF.

In general, a trial court may place a value on equitable relief granted and use that value in comparing the verdict, which includes posttrial grants of equitable relief, and the case evaluation to determine case evaluation costs sanctions (MCR 2.403[O]).

2. PRETRIAL PROCEDURE — CASE EVALUATION — EQUITABLE RELIEF.

Case evaluators are allowed to consider claims for equitable relief in determining the amount of the case evaluation award, although the panel may not include a separate award for any claim for equitable relief (MCR 2.403[K]).

3. PRETRIAL PROCEDURE — CASE EVALUATION — SANCTIONS — MULTIPLE PARTIES.

In cases involving multiple parties, the court should consider only the amount of the case evaluation and verdict with respect to the particular pairs of parties; to calculate sanctions for a pair, the

court may have to determine the adjusted verdict for each plaintiff and the amount of that adjusted verdict for which each defendant is liable (MCR 2.403[O][4][a]).

*Skinner Professional Law Corporation* (by *David R. Skinner* and *Staci M. Richards*) for JoAnn Kusmierz and others.

*Fraser Trebilcock Davis & Dunlap, P.C.* (by *Graham K. Crabtree* and *Nicole L. Proulx*), for Joyce Schmitt and Diane Rankin.

Before: BANDSTRA, P.J., and NEFF and DONOFRIO, JJ.

BANDSTRA, P.J. This appeal raises issues concerning the case evaluation process under MCR 2.403. We conclude that the trial court erred in augmenting the value of the jury verdict because of an order granting plaintiffs injunctive relief and, as a result, awarding plaintiffs "actual costs" (including attorney fees) as a case evaluation sanction against defendants. MCR 2.403(O)(5) only authorizes that approach if it is "fair . . . under all of the circumstances." Here, we conclude that it was not fair under all the circumstances because the case evaluators had not considered equitable relief in determining their award to plaintiffs and because the jury, at trial, had already made a determination of the attorney fees to which plaintiffs were entitled. Further, the trial court failed to compare the case evaluation award and jury verdict for each pair of plaintiffs and defendants as required by MCR 2.403(O)(4)(a). Accordingly, we vacate the orders of the trial court regarding actual costs and remand for further proceedings consistent with this opinion.

### FACTS AND PROCEEDINGS BELOW

A brief summary of the family dispute underlying this case suffices for the purposes of the issues raised on

appeal. In June 2001, plaintiffs JoAnn Kusmierz, Kerry Kusmierz, Kim Lindebaum, James Lindebaum, and M Supply Company filed suit against defendants Joyce Schmitt, Ronald Schmitt, and Diane Rankin, alleging claims of defamation, intentional infliction of emotional distress, and invasion of privacy/false light. Plaintiffs JoAnn Kusmierz and James Lindebaum are sister and brother, and their spouses are Kerry Kusmierz and Kim Lindebaum, respectively. Plaintiff M Supply Company is a family business associated with plaintiffs. Defendants Joyce Schmitt and Diane Rankin are sisters of plaintiffs JoAnn Kusmierz and James Lindebaum, and defendant Ronald Schmitt is defendant Joyce Schmitt's husband. Plaintiffs' complaint requested a money judgment in the amount of no less than $25,000 for each individual plaintiff. It sought recovery under the Revised Judicature Act's provision for libel and slander actions based on communications involving private individuals, which limits recovery to "economic damages including attorneys fees." MCL 600.2911(7). However, it did not contain a request for equitable relief.

In June 2002, the case was submitted for evaluation. The case evaluators rendered an evaluation of $25,000 in favor of all plaintiffs against defendants Joyce Schmitt ($17,500) and Diane Rankin ($7,500), and found no cause of action against defendant Ronald Schmitt. The case evaluation stated that "[b]y stipulation of the parties, all plaintiffs are treated as one."[1]

---

[1] We note that MCR 2.403(H)(4) specifically allows such an approach, but only where the plaintiffs are "members of a single family." Here, two of the individual plaintiffs are brother and sister, but the other two are in-laws, unrelated to each other by blood or marriage. This raises a question about the foursome's status as a "single family." Further, one of the plaintiffs, M Supply Company, a business entity, is certainly not a family member. Nonetheless, the parties stipulated plaintiffs' receiving a "lump sum" case evaluation award and no one contests that approach on

The award was rejected by plaintiffs and defendants Joyce Schmitt and Diane Rankin, but was accepted by defendant Ronald Schmitt. Following the evaluation process, on stipulation of the parties, M Supply Company was dismissed as a plaintiff.

In April 2003, the case proceeded to trial. During trial, defense counsel took issue with the presentation of evidence concerning attorney fees because plaintiffs' complaint did not include a request for an award of attorney fees, and because their witness list had not identified anyone able to provide testimony about the reasonableness of the fees charged. Defense counsel argued that the statutory attorney fees that plaintiffs sought under MCL 600.2911(7) were "special damages" that must be "specifically stated" in the pleadings under MCR 2.112(I). In response, plaintiffs moved to file an amended complaint under MCR 2.118(C)(2), arguing that statutory attorney fees were not "special damages" that were required to be specifically pleaded in the original complaint, and that, in any event, adding attorney fees as part of the damages would not prejudice defendants. The trial court granted plaintiffs' motion, and the amended complaint was filed during trial, claiming that economic loss to plaintiffs included attorney fees and costs. However, like the original complaint, the amended complaint requested only a money judgment, and did not contain a request for equitable relief. Plaintiffs' counsel, David Skinner, testified regarding attorney fees incurred by plaintiffs for his services.

During closing argument, defendants argued that if attorney fees were awarded, they should be limited to

appeal. Accordingly, we accept this approach for the purpose of our analysis of the issues presented, but without making further comment on its propriety.

the actual amount paid, and that the award should be apportioned among plaintiffs according to the amount of damages recovered by each of them. The trial court instructed the jury that if it decided that the plaintiffs were entitled to damages, it should determine the amount of money that would reasonably, fairly, and adequately compensate plaintiffs, and that the elements of damages should include actual and future attorney fees and costs. M Civ JI 50.01. During deliberations, the jury asked for clarification regarding damages, and the trial court provided an instruction regarding noneconomic damages. M Civ JI 50.02.

The jury found defendants liable for damages totaling $22,000, allocated as follows: $11,000 against defendant Diane Rankin, $9,000 against defendant Joyce Schmitt, and $2,000 against defendant Ronald Schmitt. Out of the total award, $10,000 were awarded for attorney fees—$5,000 to plaintiff James Lindebaum and $5,000 to plaintiff Kim Lindebaum. The remainder of the award for was for noneconomic damages—$5,000 to plaintiff James Lindebaum, $5,000 to plaintiff Kim Lindebaum, $1,000 to plaintiff JoAnn Kusmierz, and $1,000 to plaintiff Kerry Kusmierz.

In May 2003, plaintiffs moved for additur or partial new trial and judgment notwithstanding the verdict under MCR 2.610, MCR 2.611(A)(1)(a), (d), and (e), and MCR 2.611(E), arguing that both the economic and noneconomic damages awarded were grossly inadequate and against the great weight of the evidence, and that the trial court's belated jury instruction regarding noneconomic damages constituted an irregularity in the proceedings. Plaintiffs also moved for costs and attorney fees under MCR 2.625(A)(2) and MCL 600.2591(1) on the basis that the defenses asserted by defendants were frivolous. Plaintiffs also moved for

injunctive relief under MCR 3.310(H), requesting that defendants be permanently enjoined from engaging in harassing conduct.

In December 2003, the trial court denied plaintiffs' motion for additur or partial new trial and judgment notwithstanding the verdict, finding that the jury verdict was not grossly inadequate or against the great weight of the evidence. Specifically, the trial court found that the amount awarded by the jury for attorney fees was within the range supported by the evidence presented at trial and declined to disturb the jury's finding that plaintiffs did not suffer economic damages. The trial court also found that there was no error in the jury instruction regarding noneconomic damages, where plaintiffs failed to request the instruction before the jury began deliberating, failed to object to the instructions as given, and only requested the instruction after the jury asked a question pertaining to noneconomic damages. The trial court also denied plaintiffs' motion for costs and attorney fees, finding that the defenses proffered by defendants were not frivolous. However, the trial court granted in part plaintiffs' motion for injunctive relief, notwithstanding the fact that no form of injunctive relief had been requested in the original or amended complaint. The trial court acknowledged that injunctive relief "was not specifically requested in either [c]omplaint," but found that it had the authority to enter such an order "in the interest of justice."

In February 2004, the trial court entered an order for injunctive relief, enjoining defendants from sending letters or packages to plaintiffs' residences or places of employment, coming within a quarter mile of plaintiffs' residences, and putting anything in plaintiffs' mailboxes or driveways for three years. A final written

judgment was also entered in accordance with the jury verdict. No appeals were taken from either of these orders.

Plaintiffs then moved for a determination of case evaluation sanctions under MCR 2.403, arguing that the verdict was not more favorable to defendant Joyce Schmitt than to plaintiffs because plaintiffs received both a monetary award and an equitable award and it was fair to award costs under all the circumstances. Stated another way, plaintiffs maintained that, although the adjusted verdict in their favor was less than the total case evaluation award, the verdict was not more favorable to defendant Joyce Schmitt than to them, by virtue of the trial court's award of injunctive relief.[2] Plaintiffs requested that the trial court award case evaluation sanctions in the amount of $86,298.30, including costs and reasonable attorney fees, with interest assessed from the date the complaint was filed.

Defendant Joyce Schmitt also moved for case evaluation sanctions, arguing that, where the case evaluation resulted in an award of $17,500 against her and in favor of plaintiffs and the adjusted jury verdict was $10,254.59 against her and in favor of plaintiffs, the adjusted verdict was more favorable to her than the case evaluation. Defendant Joyce Schmitt argued that, therefore, she was entitled to taxable costs and attorney fees incurred after rejection of the case evaluation under MCR 2.403(O)(1) and MCR 2.403(O)(6), in the amount of $51,960.13.

---

[2] Plaintiffs' argument in this regard was based on a misconstruction of the case evaluation rules. In situations like this, where both parties have rejected the case evaluation, "a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation," without any consideration of whether the verdict was "not more favorable" to the other party. MCR 2.403(O)(1).

Defendants further responded to plaintiffs' motion for a determination of case evaluation sanctions by arguing that it would be inappropriate for the trial court to consider its posttrial grant of injunctive relief as a basis for an award of case evaluation sanctions for the following reasons: (1) the order granting injunctive relief was not a part of the "verdict" for the purpose of determining liability for case evaluation sanctions; (2) plaintiffs never requested equitable relief in either their original or first amended complaint, and no such request was considered by the case evaluators; and (3) the motion for injunctive relief was not filed until after the jury returned a verdict that supported an award of case evaluation sanctions in favor of defendant Joyce Schmitt. Defendants also argued that it would be inappropriate for the trial court to award additional attorney fees as case evaluation sanctions because evidence supporting plaintiffs' claims for attorney fees was presented to the jury at trial over defendants' objections, the jury rendered its award of attorney fees on the basis of the evidence presented, and the trial court denied plaintiffs' motion for additur relating to the allegedly insufficient award of attorney fees.

In July 2004, following hearings on the parties' motions for case evaluation sanctions, the trial court granted case evaluation sanctions, generally, in favor of plaintiffs and denied case evaluation sanctions in favor of defendant Joyce Schmitt. The trial court rejected defendants' argument that an additional award of attorney fees as case evaluation sanctions was inappropriate in light of the jury's consideration and award of attorney fees as an element of plaintiffs' damages. However, the trial court indicated that the amount of attorney fees awarded as case evaluation sanctions would be reduced by the amount previously awarded by the jury. The trial court also rejected defendants' argu-

ment that its posttrial award of injunctive relief could not be used as a basis for an award of case evaluation sanctions, stating, "I believe that the language in the complaint, which states that the plaintiff requests all other reliefs as necessary is sufficient for this Court to consider the equitable relief received." Therefore, the trial court's award of case evaluation sanctions to plaintiffs was based on the adjusted verdict enhanced by an unspecified value attributed to its posttrial award of injunctive relief.

The trial court awarded plaintiffs "actual costs" under MCR 2.403(O)(6) in the amount of $67,259.60. Defendants Joyce Schmitt and Diane Rankin appeal as of right the trial court's posttrial case evaluation sanctions decisions.

### DISCUSSION OF THE ISSUES RAISED[3]

Defendants argue that the trial court erred in considering its posttrial award of injunctive relief as a basis for an award of case evaluation sanctions in this case under MCR 2.403(O)(5). We review de novo as a question of law a trial court's decision to grant or deny case evaluation sanctions. *Campbell v Sullins*, 257 Mich App 179, 197; 667 NW2d 887 (2003). Likewise, we review de

---

[3] We initially note that the jurisdictional challenge raised by plaintiffs in their brief on appeal was already rejected in response to their motion to dismiss under MCR 7.211(C)(2)(c) ("the appeal is moot"), which motion was denied by our Court in November 2004. Plaintiffs argued that defendants' satisfaction of the judgment before filing their claim of appeal operated as a waiver of the right to appeal and that the appeal was moot because our Court would be unable to provide relief to the successful parties on appeal. However, because the judgment was involuntarily satisfied through a variety of garnishments, defendants did not waive their right to appeal, and therefore the appeal is not moot. See *Horowitz v Rott*, 235 Mich 369, 372; 209 NW 131 (1926); *Becker v Halliday*, 218 Mich App 576, 578-580; 554 NW2d 67 (1996).

novo as a question of law the interpretation and application of court rules. *Peters v Gunnell, Inc*, 253 Mich App 211, 225; 655 NW2d 582 (2002).

Defendants first contend that MCR 2.403(O)(5) did not allow the trial court to consider its award of injunctive relief in determining plaintiffs' entitlement to case evaluation sanctions. MCR 2.403(O)(5) provides:

> If the verdict awards equitable relief, costs may be awarded if the court determines that
>
> (a) taking into account both monetary relief (adjusted as provided in subrule [O][3]) and equitable relief, the verdict is not more favorable to the rejecting party than the evaluation, and
>
> (b) it is fair to award costs under all of the circumstances.

Defendants reason that MCR 2.403(O)(5) does not apply because it only refers to a determination that "the verdict *is not more favorable* to the rejecting party than the evaluation" and, in this case, the relevant question is whether the verdict *is more favorable* to plaintiffs under MCR 2.403(O)(1), both sides having rejected the case evaluation.

MCR 2.403(O)(1) provides:

> If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

Under the wording of the first sentence of this provision (payment must be made "unless the verdict is more favorable"), the relevant question is whether the verdict is not more favorable to the rejecting party. If it is

not more favorable, the rejecting party must pay the opposing party's actual costs. That is apparently the genesis of, or counterpart to, the language of MCR 2.403(O)(5)(a), which allows the court to take into account both monetary relief and equitable relief in determining whether the verdict "is not more favorable" to the rejecting party than the evaluation.

A different question becomes relevant under the second sentence of MCR 2.403(O)(1) where both parties have rejected the evaluation. In that case, as was the situation here, a party is only entitled to costs if the verdict "is more favorable" to that party than the case evaluation. MCR 2.403(O)(5)(a) contains no language that specifically tracks the second sentence of MCR 2.403(O)(1).

Defendants are thus technically correct in arguing that MCR 2.403(O)(5) does not, by its terms, contemplate the situation presented here. To more completely address the alternatives of MCR 2.403(O)(1), MCR 2.403(O)(5)(a) should probably be amended with the addition of a clause something like "or, in situations where both parties have rejected the evaluation, the verdict in favor of the party seeking costs is more favorable than the case evaluation." Nonetheless, MCR 2.403(O)(5) certainly does not prohibit the trial court from placing a value on equitable relief granted and using it in comparing the verdict and the case evaluation in the situation presented in this case. To do so furthers the apparent purpose of the rule. We conclude that the trial court did not err in using MCR 2.403(O)(5) as a guide for this case, even though, by its terms, it does not technically apply.

Defendants next argue that the order for injunctive relief should not be considered part of the "verdict" for purposes of 2.403(O)(5). Thus, defendants argue that

the trial court erred in enhancing the adjusted jury verdict by an unspecified value attributed to its post-trial award of injunctive relief. We disagree.

"Verdict" is defined by MCR 2.403(O)(2)(c) to include "a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." The trial court's order for injunctive relief constituted part of the "verdict" because it falls under this definition. That is, it was entered as a result of a ruling on plaintiffs' motion for injunctive relief after rejection of the case evaluation. That remains the case, even though the order was entered after a trial and jury verdict. See *Marketos v American Employers Ins Co*, 465 Mich 407, 414; 633 NW2d 371 (2001), (MCR 2.403[O][2] "now clarifies that decisions by the court, as well as by a jury, may be considered a verdict in some instances.").

Defendants next argue that consideration of the value of equitable relief to award sanctions in this case is not "fair . . . under all of the circumstances." MCR 2.403(O)(5)(b). We agree, for a couple of reasons.

First, MCR 2.403(K)(3) allows case evaluators to consider claims for equitable relief ("The evaluation may not include a separate award on any claim for equitable relief, but the panel may consider such claims in determining the amount of an award."). Thus, evaluators presented with a case in which the plaintiffs seek "equitable relief" may place a value on that relief and augment the overall evaluation award accordingly. That approach makes legitimate a later comparison between the evaluation and a verdict that also includes a value for equitable relief. Defendants maintain that the case evaluation panel did not consider plaintiffs' request for injunctive relief when it issued its decision, and that certainly appears to be the case. Plaintiffs' complaint and amended complaint did not mention any request

for injunctive relief, and the trial court was simply mistaken in suggesting that these pleadings were sufficiently vaguely or broadly worded to constitute such a request. Because the value of injunctive relief was not considered by the evaluators, the case evaluation in favor of plaintiffs may well have come in artificially low and, as a result, the difference between it and the verdict (which did include the value of injunctive relief) was greater than it should have been.

Further, as summarized above, the jury heard evidence and arguments regarding plaintiffs' claims for attorney fees under MCL 600.2911(7) and rendered an award of attorney fees after being properly instructed. The jury's decision in this regard was reviewed and found appropriate by the trial judge in denying plaintiffs' motion for additur. In light of that, it was not "fair . . . under . . . the circumstances" of this case for the trial court to later award additional attorney fees as actual costs under MCR 2.403(O)(5). Under the circumstances of this case, we conclude that the trial court erred by taking into account the value of the equitable relief it had ordered in awarding costs against defendants under MCR 2.403(O)(5).

The determination of costs in this case should have been based on the case evaluation award and adjusted jury verdict, without any consideration of the value of equitable relief. As the record is sufficient for us to determine which of the parties should be assessed costs, and which of the parties are entitled to them, we turn to that issue.[4]

---

[4] We consider this matter on appeal because we think it provides a good illustration of how the case evaluation rules operate. Our analysis should provide some instruction to the bench and bar for later cases. However, we caution that the approach we use today is somewhat fact-specific, depending on the way the evaluation and verdict in this case were structured. Thus, while we anticipate that our analysis will provide some

We begin by noting that the trial court's imposition of costs was not based on a comparison of "the amount of the evaluation and verdict as to . . . particular pair[s] of parties," as it should have been in this multiple parties case. MCR 2.403(O)(4)(a). It is necessary to determine the case evaluation award for each plaintiff and also to determine the amount of each plaintiff's award for which each defendant is liable. Further, it is necessary to determine the adjusted verdict for each plaintiff and the amount of that adjusted verdict for which each defendant is liable. Then, a comparison of the evaluation award and verdict for each pair of parties can be made.

### CASE EVALUATION AWARD

The case evaluators rendered a lump sum award in favor of the plaintiffs as a group in the amount of $25,000. Because there is nothing in the record to indicate otherwise, we assume that this amount was equally for the benefit of each of the five individual plaintiffs in the case at the time of the evaluation.[5] Accordingly, the evaluation award in favor of each individual plaintiff was $5,000. Further, the case evaluators determined that two of the defendants, Joyce Schmitt and Diane Rankin were liable to plaintiffs in the amounts of $17,500 and $7,500 respectively. Again, there being nothing in the record to indicate otherwise,

general principles that might be applicable in other cases, we also anticipate that other cases will require adjustments to the approach we use depending on the facts and circumstances presented.

[5] As noted earlier, the parties here stipulated a lump sum award and the court rules specifically provide for that approach in certain instances. See n 1. Nonetheless, to allow a comparison of the evaluation and verdict between "particular pair[s] of parties" as required by MCR 2.403(O)(4)(a), the lump sum award must be divided and allocated to each of the individual plaintiffs.

we assume that each of these amounts was equally for the benefit of each of the five individual plaintiffs.

Thus, the case evaluation award, with respect to particular pairs of parties, was as follows:

- Joyce Schmitt is liable to Kim Lindebaum in the amount of $3,500;

- Joyce Schmitt is liable to James Lindebaum in the amount of $3,500;

- Joyce Schmitt is liable to JoAnn Kusmierz in the amount of $3,500;

- Joyce Schmitt is liable to Kerry Kusmierz in the amount of $3,500;

- Joyce Schmitt is liable to M Supply Company in the amount of $3,500;

- Diane Rankin is liable to Kim Lindebaum in the amount of $1,500;

- Diane Rankin is liable to James Lindebaum in the amount of $1,500;

- Diane Rankin is liable to JoAnn Kusmierz in the amount of $1,500;

- Diane Rankin is liable to Kerry Kusmierz in the amount of $1,500; and

- Diane Rankin is liable to M Supply Company in the amount of $1,500.

The case evaluators found no cause of action against defendant Ronald Schmitt and he accepted that determination.

## ADJUSTED JURY VERDICT

The jury verdict against defendants Joyce Schmitt and Diane Rankin totaled $20,000,[6] which, when

---

[6] The $2,000 liability verdict against Ronald Schmitt is not included in our analysis because he accepted the case evaluation and he cannot be liable for, or entitled to, an "actual costs" sanction.

adjusted to include costs and interest, MCR 2.403(O)(3), is approximately $21,196.[7] The jury also concluded that defendant Joyce Schmitt was liable for $9,000 of the $20,000 in damages (i.e., 9/20, or 45 percent, of the damages) and defendant Diane Rankin was liable for $11,000 of the $20,000 in damages ( i.e., 11/20, or 55 percent, of the damages). In other words, the jury determined that, between those two defendants, Joyce Schmitt was liable for $9,538 of the adjusted verdict amount (45 percent of $21,196 is $9,538) and Diane Rankin was liable for $11,658 of the adjusted verdict amount (55 percent of $21,196 is $11,658).

The jury further determined that plaintiffs James Lindebaum and Kim Lindebaum were each entitled to $10,000 of the $22,000 jury verdict and that JoAnn Kusmierz and Kerry Kusmierz were each entitled to $1,000.[8] In other words, James Lindebaum and Kim Lindebaum were each entitled to 10/22, or 45.5 percent, of the amounts for which the defendants were liable; and JoAnn Kusmierz and Kerry Kusmierz were each entitled to 1/22, or 4.5 percent, of the amounts for which defendants were liable.

Combining these determinations relative to defendants and plaintiffs, the adjusted jury verdict, with respect to particular pairs of parties, was as follows:

- Joyce Schmitt is liable to Kim Lindebaum in the amount of $4,340 (45.5% of $9,538);

---

[7] We have applied the same proportional adjustment that was used by the trial court to adjust the total $22,000 jury verdict to approximately $23,315.

[8] Because plaintiff M Supply Company was dismissed before trial, the jury returned no verdict with respect to it and it cannot be liable for, or entitled to, any "actual costs" sanction. Accordingly, we do not include it in our analysis.

- Joyce Schmitt is liable to James Lindebaum in the amount of $4,340 (45.5% of $9,538);

- Joyce Schmitt is liable to JoAnn Kusmierz in the amount of $429 (4.5% of $9,538);

- Joyce Schmitt is liable to Kerry Kusmierz in the amount of $429 (4.5% of $9,538);

Diane Rankin is liable to Kim Lindebaum in the amount of $5,304 (45.5% of $11,658);

- Diane Rankin is liable to James Lindebaum in the amount of $5,304 (45.5% of $11,658).

- Diane Rankin is liable to JoAnn Kusmierz in the amount of $525 (4.5% of $11,658); and

- Diane Rankin is liable to Kerry Kusmierz in the amount of $525 (4.5% of $11,658).

PARTIES' LIABILITY OR ENTITLEMENT TO COSTS

Comparing the case evaluation awards and adjusted jury verdicts relative to each particular pair of parties listed above, the verdicts for Kim Lindebaum and James Lindebaum were "more favorable" to them than were the case evaluations, because the verdicts were "more than 10 percent above" the evaluations. MCR 2.403(O)(3). However, the verdicts for plaintiffs JoAnn Kusmierz and Kerry Kusmierz were more favorable to defendants Joyce Schmitt and Diane Rankin than were the case evaluations, because those verdicts were "more than 10 percent below" the evaluations. *Id.*

Accordingly, defendants Joyce Schmitt and Diane Rankin are liable to Kim Lindebaum and James Lindebaum for "actual costs" including reasonable attorney fees for services necessitated by the those defendants' rejection of the case evaluation. MCR 2.403(O)(6). However, JoAnn Kusmierz and Kerry Kusmierz are liable to

Joyce Schmitt and Diane Rankin for the "actual costs" they incurred as the result of the Kusmierzes' rejection of the case evaluation. *Id.*[9]

### CONCLUSION

The trial court erred when it augmented the value of the verdicts by considering the injunctive relief granted to plaintiffs. Also, its comparison of the case evaluations and verdicts was not specific to the pairs of parties as required by the rules. We vacate the trial court's orders regarding actual costs. We remand this matter for further consideration and entry of orders regarding actual costs consistent with this opinion. We do not retain jurisdiction.

---

[9] The record before us is not sufficient for us to determine the amounts of these "actual costs." On remand, the trial court shall determine those amounts.