## PITTSBURGH PLATE GLASS CO. *v.* CHARLES KLEIN CO.

APPEAL AND ERROR—QUESTIONS REVIEWABLE—MOOT POINTS.

Where complainant filed a bill to enforce a lien for materials furnished in the remodeling and reconstruction of a building, and defendants contended that under the contract with the principal contractor the entire cost was to be offset against an indebtedness outstanding between the contractor and the defendant in possession, and the final decree determined that no contract, as claimed, was made, as shown by the uncontradicted proofs, and where one of the defendants, a corporation, had taken an assignment of all claims for liens allowed by the decree in the name of its president, such corporation and the defendants who claimed interests in the building could not try the suit on appeal under a stipulation by which it was stated that the contract contained an agreement to offset the said indebtedness to the contractors against the cost: the effect of such stipulation between a portion of the parties, could bind only the parties executing it, and the question presented was in the nature of a moot point, which the appellate court will not review.

Appeal from Wayne; Donovan, J. Submitted April 5, 1912. (Docket No. 55.) Decided March 20, 1913. Rehearing denied May 1, 1914.

Bill by the Pittsburgh Plate Glass Company against the Charles Klein Company, Gertrude M. Baldwin, the Detroit Lumber Company, and others, for the enforcement of a mechanic's lien. From a decree for complainant and other lienors, said Baldwin and the Detroit Lumber Company appeal. Affirmed.

*D. B. Hayes* and *Bumps & Bishop,* for appellants.

*E. T. Berger,* for appellee the Detroit Lumber Company.

McAlvay, J. This was a proceeding in chancery on the part of complainant to enforce its lien, under the mechanic's lien law, for material furnished in the construction and remodeling of a certain building in Detroit, occupied by defendant Charles Klein Company as lessee and owned by defendant Gertrude M. Baldwin.

The printed record is a brief one of but 20 pages. The original return to this court, which contains all the proceedings and pleadings had therein, except the testimony taken in the case, contains 200 or more typewritten pages. This printed record does not show the original bill of complaint or any of the pleadings in the case, except the cross-bill of the Detroit Lumber Company and the answer of defendant Charles Klein Company thereto, signed and verified by Walter Klein, its vice president. It contains, also, the decree granted under the issue between said parties on November 14, 1911, upon pleadings and proofs heard in open court on that date, which decree determines that there was due to the defendant the Detroit Lumber Company $582.22 for materials furnished in the construction of the building in question. It also determines certain amounts due to four other lienors, including complainant, and recites that the four claims and liens of such lienors had been duly assigned to Walter Klein, and the aggregate amount of such claims to be $757.68; and it further decrees that the principal contractors, McIntyre & McIntyre, are indebted to the Detroit Lumber Company, and also to Walter Klein, as assignee, in the amounts above stated, which they are decreed to pay within a certain time, and in default thereof that these parties are decreed to have a statutory lien against the premises described, of which Gertrude M. Baldwin is the owner and Charles Klein Company lessee, and providing for the collection of such amounts, together

with costs and interest, by sale in the usual manner provided in such cases.

The record shows that McIntyre & McIntyre, a firm of contractors and builders, undertook to construct and remodel the building upon the premises in question, of which the defendant Charles Klein Company was the lessee. In the answer of said defendant to the cross-bill of the Detroit Lumber Company, the claim is made that McIntyre & McIntyre, before they undertook the contract to construct and remodel this building, were indebted to the defendant the Charles Klein Company to the amount of $2,708.70, and that they entered into a verbal contract with such defendant to erect and remodel the building, according to the plans and specifications agreed upon, for the sum of $2,617, with the express understanding and agreement between the parties that the aforesaid indebtedness of $2,708.70 was to be paid by the performance and completion of the work on this building according to said contract.

The record shows a settlement of the case on appeal, reciting that it was made on November 15, 1911, purporting to recite the hearing of testimony of certain witnesses and including a stipulation of facts, entered into by and between the solicitors for the defendant Charles Klein Company and for the cross-complainant the Detroit Lumber Company, in writing, which the original return shows was dated November 15, 1911, and further purports to show that on November 22, 1911, the court had made a decree in said case in terms the same as already herein recited in the decree of November 14, 1911, and that the court thereupon, upon the request of these solicitors, last above named, certified that the transcript contained the substance of all the evidence in the case and the stipulation of facts, and settled and signed such transcript December 21, 1911.

177 MICH.—26.

The following is the stipulation of facts referred to:

"State of Michigan. In the Circuit Court for the County of Wayne, in Chancery. Pittsburgh Plate Glass Co., Complainant, v. Charles Klein Co. et al., Defendants. No. 35,858.
                     "Stipulation of Facts.
"In the year 1909 the Charles Klein Company, a corporation, one of the defendants, was a tenant by a term lease of premises on Broadway avenue, in the city of Detroit, owned by Mrs. Gertrude M. Baldwin. The Charles Klein Company entered into a verbal contract with Messrs. McIntyre & McIntyre, copartners engaged in the building and contracting business, to remodel and improve said premises for the sum of $2,617, in accordance with certain plans and specifications. It appears that at the time the said verbal contract was made, in July, 1909, Messrs. McIntyre & McIntyre were indebted to said Charles Klein Company on an old obligation represented by notes, some of which were due, and some not due, amounting to approximately $2,700. It is claimed by said Charles Klein Company that it was a part of the aforesaid verbal contract and agreement so made and entered into with said Messrs. McIntyre & McIntyre that the amount of the contract for remodeling the premises should be offset and paid by the amount of the old indebtedness owing to the said Charles Klein Company. This agreement, it is admitted, was wholly verbal, and was entered into before the defendant the Detroit Lumber Company had contracted with Messrs. McIntyre & McIntyre to furnish the lumber for such remodeling, and was unknown to the Detroit Lumber Company until after all the lumber and material had been furnished and used in the premises to the amount of $582.22. John McIntyre, testifying in this case, denies that any agreement to offset these claims was made; but for the purpose of this case, and for the purpose of this appeal:

"It is stipulated and agreed between the parties that such an agreement as is claimed by said Charles Klein Company, as herein set forth, was made at the time specified, and such agreement was verbal, and entirely without the knowledge of the Detroit Lum-

ber Company; and, further, that said Charles Klein Company actually set off the aforesaid indebtedness and credited Messrs. McIntyre & McIntyre with the full amount due the latter on their contract before the Detroit Lumber Company filed their claim of lien in this case. Upon these facts is the defendant and cross-complainant, the Detroit Lumber Company, entitled to a lien and a decree for its enforcement?

"It is stipulated and agreed that, if the defendant the Detroit Lumber Company is entitled to a lien, the decree shall be for the sum of $582.22; if not entitled to a lien, the Detroit Lumber Company shall not recover any amount, and the cross-bill may be dismissed.

"It is further stipulated and agreed: That the following amounts are due to the following respective parties to this suit from Messrs. McIntyre & McIntyre for work and labor performed and materials furnished said Messrs. McIntyre & McIntyre on said contract:

| | |
|---|---|
| Christian De Croupet | $294 74 |
| Frederick B. Stevens | 113 10 |
| Henry Houghton | 114 31 |
| Pittsburgh Plate Glass Co | 235 53 |

"That Walter Klein is the assignee of said respective claims; and if, under the foregoing facts, the Detroit Lumber Company is entitled to a lien on said premises, it is stipulated and agreed that said Walter Klein, as assignee, is also entitled to a lien on said premises for the sum of $757.68.

"BUMPS & BISHOP,
"Solicitors for Defendant Charles Klein Co.
"E. T. BERGER,
"Solicitor for Cross-Complainant
Detroit Lumber Co.
"Dated, Detroit, Michigan, November 15, 1911."

This case, as settled by the circuit judge, was accepted as the case on appeal by their respective solicitors for the benefit of defendants Charles Klein Company, Gertrude M. Baldwin, and the Detroit Lumber Company by a stipulation in writing.

The original return shows that defendants Charles

Klein Company and Gertrude M. Baldwin appealed from the decree which, in their claims of appeal, filed December 26, 1911, and February 10, 1912, respectively, is said to have been rendered November 22, 1911; and the part of the record brought to this court on such appeal is the issue made upon the cross-bill of defendant the Detroit Lumber Company and the answer of defendant Charles Klein Company, settled and certified as herein stated. The confusion of dates in this record as to the decree may partly arise from the fact that it was not filed for several days after it was granted.

It is evident from the record and from the recitals in the stipulation of facts that this stipulation was made and entered into after the hearing of said cause and the rendering of the decree therein. In the stipulation of facts appears the claim of the defendant Charles Klein Company relative to the claimed verbal contract entered into between it and the principal contractors, McIntyre & McIntyre, who are defendants in this suit, and against whom the decree is taken and their liability fixed as to the entire amounts found to be due the lienors in such suit. The stipulation also shows as follows:

"John McIntyre, testifying in this case, denies that any agreement to offset these claims was made; but for the purpose of this case, and for the purpose of this appeal, it is stipulated and agreed between the parties that such an agreement as is claimed by said Charles Klein Company, as herein set forth, was made at the time specified and such agreement was verbal."

It is therefore admitted that there was evidence in the case, by the testimony of one of the parties to the claimed contract, denying the existence of any such agreement, and there is no evidence to the contrary. The entire case. of appellants in this suit is founded upon the stipulation of facts. The sole question re-

lied upon and discussed by appellants is whether the claimed agreement would defeat the liens of defendant Detroit Lumber Company and the other lienors.

The making of a stipulation of facts in a case by a part only of the parties thereto, where a decree, already made, fixes the rights of all the parties, and which stipulation, on its face, is contrary to substantive evidence in the case, presents at least a novel proposition. It is well settled that parties, by a stipulation, cannot affect any rights but their own. The testimony of John McIntyre is not disputed, and the decree of the court, fixing the rights of the parties and determining the liens of the materialmen, concerning the amount of whose claims there is no dispute, was warranted by the evidence in the case.

While we appreciate that the question sought to be brought up by this stipulation is an interesting one, we will not discuss it, for the reason that, in our opinion, the defendant Charles Klein Company did not, upon the hearing of the case, establish the contract claimed to have been entered into with the contractors. And we suggest that it is apparent from the record that all the claims of other lienors, except defendant Detroit Lumber Company, had been assigned before decree to Walter Klein, vice president of the Charles Klein Company; and that the decision of this court is sought upon what, in effect, is a moot question.

The decree of the circuit court is affirmed, with costs.

STEERE, C. J., and MOORE, BROOKE, STONE, and OSTRANDER, JJ., concurred