## Commonwealth, ex rel., *v.* Francies.

*Constitutional law—Constitution of Pennsylvania, Article I, Section 10—Indictable offense—Proceeding by information—Act of April 15, 1907, P. L. 62—Constitution of United States, Fourteenth Amendment—Due process of law—Indictment.*

1. What the framers of the organic law had in view should al‑ways be considered in determining what they intended to do.

2. A proceeding by "information" in the sense in which the term is used in Article I, Section 10, of the Constitution of Pennsylvania has reference exclusively to practices such as were formerly used in England whereby upon information made in the King's Court by some one or by some of the king's officers, ex officio; the

accused person was put on trial without further inquiry or investigation.

3. The Act of April 15, 1907, P. L. 62, permitting a person accused of crime to enter a plea of guilty upon an indictment prior to the submission of the indictment to the grand jury, and authorizing the court to accept the plea and impose sentence, is constitutional. Such a method of procedure does not violate the prohibition against proceedings by information contained in Article I, Section 10, of the Constitution of Pennsylvania, especially as the proceedings will in each case take their regular course unless the accused exercises his option to plead guilty prior to indictment.

4. Said act does not violate the Fourteenth Amendment of the Constitution of the United States providing that no state shall "deprive any person of life, liberty or property without due process of law." This provision has not the effect of imposing upon the state any particular form or mode of procedure so long as the essential rights of notice and a hearing or opportunity to be heard before a competent tribunal are not interfered with. Indictment by a grand jury is not essential to due process.

Mr. Justice STEWART dissents.

Argued April 19, 1915. Habeas corpus, orginal jurisdiction, Miscellaneous Docket Nos. 185 and 186, in cases of Commonwealth, ex rel., Thomas E. Stanton v. John Francies, Warden of the Western Penitentiary of Pennsylvania, and Commonwealth of Pennsylvania, ex rel., Charles Wheeler v. John Francies, Warden of the Western Penitentiary of Pennsylvania. Before BROWN, C. J., ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Prisoners remanded.

Habeas corpus, original jurisdiction.
The opinion of the Supreme Court states the facts.

*A. M. Fuller,* for Thomas E. Stanton, relator.—The relator being confined under a void sentence is entitled to an unconditional discharge on the hearing of the writ of habeas corpus.

The entire proceedings in the Quarter Sessions Court were coram non judice and void, being in violation of Section 10, Article I, of the Constitution of Pennsylvania

which provides, inter alia, that "no person shall, for an indictable offense, be proceeded against criminally by information": Ex parte Bain, 121 U. S. 1; In re Bonner, 151 U. S. 242, 256; U. S. v. Pettit, 11 Fed. Repr. 58, and U. S. v. Pettit, 114 U. S. 429; Hurtado v. People of California, 110 U. S. 516; Rector v. State, 6 Ark. 187; Slaughter v. The People, 2 Dougl. (Mich.) 334; State v. Ebert, 40 Mo. 186; State v. Anderson, 40 N. J. Law 224; Territory v. Blomberg, 11 Pac. Repr. 671.

*J. E. B. Cunningham,* for respondent.—The relators have not been proceeded against criminally by information.

One charged with an indictable offense may waive his right to have the indictment against him presented to and acted upon by a grand jury: Lavery v. Commonwealth, 101 Pa. 560; Commonwealth v. Saal, 10 Philadelphia 496.

The Act of April 15, 1907, P. L. 62, is due process of law: Hurtado v. People of California, 110 U. S. 516; Ex parte Wilson, 114 U. S. 417.

OPINION BY MR. JUSTICE ELKIN, July 3, 1915:

The relator was arrested and brought before a justice of the peace in Bedford County upon a charge of felonious breaking, entry and larceny; and after hearing was committed to the county jail in default of bail for his appearance at the next term of court. The transcript of the proceedings before the justice was returned to the court, and in due form an indictment charging the offenses for which the relator stood committed was drawn up and signed by the district attorney. Thus the case stood when the grand jury met at the term of court next following the commitment of relator to the county jail. The indictment was ready for presentment to the grand jury when relator notified the district attorney that he was willing to enter a plea of guilty in accordance with the provisions of the Act of April 15, 1907, P.

L. 62.   This was followed by the relator signing a writ-ing, endorsed on the back of the indictment, waiving ac-tion by the grand jury and pleading guilty to the of-fenses charged.   A few days later, during a regular ses-sion of the court, relator was sentenced according to law and is now undergoing an imprisonment in the Western Penitentiary under the sentence thus imposed.   That he is guilty of the offenses charged is not denied, but it is earnestly contended that he could not waive action by the grand jury so as to give the court jurisdiction to ac-cept the plea of guilty and impose sentence.   The pro-ceedings followed the requirements of the Act of 1907, and unless· that act be declared unconstitutional and void, relator has no standing to complain of what was done.·   He acted voluntarily, and presumably in his own interest, when he waived action by the grand jury on the bill of indictment and entered the plea of guilty. If he had waited until the grand jury returned a true bill, and then entered his plea of guilty, the power of the court to impose sentence could not be successfully challenged.   But because he did not do this, it is argued a constitutional right has been denied him and that sen-tence was unlawfully imposed.   In passing it may be remarked that no constitutional right was denied relator by any adverse action of the prosecuting officer or of the court.   So far as the record discloses the case would have taken its regular course had not the relator on his own motion intervened to ask an early sentence by waiv-ing action by the grand jury and pleading guilty.   The relator took the initiative in what was done and the officers of the law simply complied with his wishes.   Can this be done without offending against the organic law? That is the question here presented for decision.   The first contention made in behalf of the relator is that the proceeding in the present case offends against Article I, Section 10, of our State Constitution, which provides:

"No person shall, for any indictable offense, be pro-ceeded against criminally by information, except in

cases arising in the land or naval forces, or in the militia, when in actual service, in time of war or public danger, or by leave of the court for oppression or misdemeanor in office."

It is argued that what was done in the Court of Oyer and Terminer of Bedford County amounted to a criminal proceeding against relator by information and hence in violation of the constitutional mandate. The answer to this contention is that a bill of indictment, based upon charges contained in the transcript of the justice of the peace filed of record in the court which imposed the sentence, is not a proceeding by information in the constitutional sense.

It cannot be that the framers of our Constitution intended to deny the right to proceed criminally by information against any and all persons who may have committed an indictable offense. In our State almost every criminal prosecution is instituted by what is commonly known as an information made before a justice of the peace or other committing magistrate. The case then takes the course prescribed by our statutes. This was the recognized procedure before the adoption of the present Constitution and it has been followed since that time. If the intention was to prohibit all prosecutions for indictable offenses by information, it would seem to be most inconsistent to permit the initial step in every such case to be taken in violation of the organic law. Is it not more reasonable to hold that the word "information" was used in a restrictive sense and that the wrongs intended to be guarded against were less comprehensive in character? The historical view of criminal procedure in England lends support to this theory. The information which became offensive there was that made in the King's Court by some one, or by some of the king's officers ex officio, in such manner and with such effect as to put the accused person on trial without further inquiry or investigation. This form of prosecution led to oppression and was regarded with much disfavor by the peo-

ple.  Many remedial statutes were enacted to correct
the abuses of official power under the old procedure.
The question was much agitated in the mother country
when the colonies were formulating a system of criminal
procedure suitable to the needs of our people.    No doubt
this led to the incorporation of the provision relating to
criminal proceedings by information in the Constitution
of 1790.   This provision has in effect remained un-
changed from that time to the present.    It means to-day
what it was intended to mean then.    There can be no
doubt that at the beginning the intention was to forbid
the kind of proceeding by information which had be-
come oppressive as conducted in the King's Court.   This
was the wrong to be remedied, and what the framers of
the organic law had in view should always be considered
in determining what they intended to do.    The proceed-
ing in the case at bar has no similarity to that of an in-
formation made by an officer of the king against a sub-
ject of the realm.    Again, to all intents and purposes
this is a proceeding by indictment, and the record would
have been entirely regular and complete, including the
finding of a true bill, had not the relator for purposes of
his own voluntarily waived formal action by the grand
jury and entered his plea of guilty.    The indictment
drawn by the district attorney and the transcript of
record upon which it was based were sufficient to show
that the court had jurisdiction of the offenses charged,
and to inform the relator of the "nature and cause of the
accusation against him."    It is true the accused could
not give the court jurisdiction by consent, but the Act
of 1907 gave jurisdiction and not the waiver of defend-
ant.    The criminal statutes prescribe the method of
procedure in such cases and define the jurisdiction and
powers of the courts in the administration of the law.
The arrest of the accused, the hearing before the jus-
tice of the peace, the commitment in default of bail, the
filing of the transcript of the record in the proper court,
and the bill of indictment based on this record, were

successive steps authorized by statute in the prosecution of the relator.   When the relator entered his plea of guilty, the court had jurisdiction of the accused, of the offenses with which he stood charged, and of the proceedings instituted for his prosecution.   As was said in Lavery v. Commonwealth, 101 Pa. 560, 565, when the question of jurisdiction was discussed in a case similar in principle:

"It is said that the defendant's consent cannot give the court jurisdiction of an offense.   That is very true; but it is not consent that gives jurisdiction in this case. It is the act of assembly that gives jurisdiction and the justice allows that act of assembly to operate in the defendant's favor upon his own personal demand."

This was said of the Act of May 1, 1861, P. L. 682, but it is just as applicable to the Act of 1907, which authorizes what was done in the case at bar.   In discussing the Act of 1907 in a habeas corpus proceeding instituted by the present relator the Superior Court speaking through President Judge RICE said:

"It does not take away or abridge any constitutional right of the accused; and in our judgment does not enlarge the jurisdiction of the criminal courts beyond constitutional limitations": Com., ex rel., Wheeler v. Francies, 58 Pa. Superior Ct. 266, 268.

We are in accord with the views expressed and the conclusions reached in that case.

It is also contended the Act of 1907 offends against Article XIV, of the Amendments to the Constitution of the United States, which provides, inter alia, that no state shall "deprive any person of life, liberty or property without due process of law."   Whatever doubt may have existed as to the proper application of the "due process" clause of the Fourteenth Amendment to criminal proceedings instituted under the legislative authority of states, has been resolved against the contention of relator in several recent decisions of the Supreme Court of the United States.   The most recent case being Frank

v. Magnum which will be found reported in 24 Pa. District Reports (No. 18), News Department, page iii. Mr. Justice PITNEY who wrote the opinion in that case said:

"But repeated decisions of this court have put it beyond the range of further debate that the 'due process' clause of the Fourteenth Amendment has not the effect of imposing upon the State any particular form or mode of procedure so long as the essential rights of notice and a hearing or opportunity to be heard, before a competent tribunal are not interfered with. Indictment by a grand jury is not essential to due process: Hurtado v. People of California, 110 U. S. 516; Lem Woon v. Oregon, 229 U. S. 586, and the cases cited."

In the present case relator had notice of the offenses with which he was charged and an opportunity to be heard, which he waived by pleading guilty. Indictment by grand jury is not essential to due process, within the meaning of the Fourteenth Amendment, as the cases just cited hold, and certainly what is not deemed essential may be waived by the accused if he voluntarily chooses to do so. This would seem to be a complete answer to all that has been said in behalf of relator on this branch of the case.

Several other points are discussed in the briefs submitted for our consideration but we do not regard them as having any substantial merit.

According to our view relator was properly sentenced as a punishment for the crime to which he entered the plea of guilty under the Act of 1907, which is valid legislation and not in contravention of the organic law, either state or federal. We see no reason to discharge him from imprisonment.

Prisoner remanded.

Mr. Justice STEWART dissents.