McCARTHY *v.* WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—RECORD—CONTEMPTS—SERVICE OF SENTENCE—MOOT QUESTION.

Whether or not party seeking mandamus to compel circuit judge to include concise statement of facts or circumstances known to him, in consequence of which he had found plaintiff guilty of contempt for giving false and evasive answers in one-man grand jury proceeding the judge had been conducting, in record on application for leave to appeal from such contempt order is not adjudicated where plaintiff has served the jail sentence

imposed without having sought a stay or review thereof before its expiration since the contempt proceeding is now at an end and wholly moot (3 Comp. Laws 1929, § 17218).

2. Mandamus—Moot Questions.

The writ of mandamus should not issue to compel the review of a moot question.

3. Appeal and Error—Review of Moot Questions.

The review of a moot question would be a purposeless proceeding.

4. Contempt—Discharge by Service of Sentence—Review.

After service of sentence imposed for contempt of court the order of contempt is discharged and review thereof could not benefit the party adjudged guilty of contempt.

5. Appeal and Error—Record—Contempts—Extra-Judicial Matters.

Order indefinitely suspending policeman from duty because he had been found guilty of contempt in one-man grand jury proceeding for false and evasive answers, which plaintiff sought to have appended to concise statement in record on leave to appeal from order of contempt, which statement circuit judge had refused to add to the record, is not considered on mandamus to compel circuit judge to make such addition, as the Supreme Court is concerned, on review, only with questions properly presented by the record and is not motivated by extra-judicial matters such as the effect upon his reinstatement of being held to have been wrongfully found in contempt.

6. Contempt—Appeal—Service of Sentence.

Right to appeal from order adjudging plaintiff in contempt of court for false and evasive answers in one-man grand jury proceeding is not affected by fact that his sentence was a commitment to jail rather than the payment of a fine.

7. Mandamus—Purpose to Be Served.

Where the granting of a writ of mandamus would serve no purpose, it should not be ordered.

Petition by John P. McCarthy for a writ of mandamus to compel Homer Ferguson, Wayne Circuit Judge, to embody in a record for appeal certain testimony given before a so-called "one-man grand jury." Submitted May 7, 1940. (Calendar No. 40,985.) Writ denied September 6, 1940.

*Fitzgerald & Walker,* for plaintiff.

*Chester P. O'Hara* and *Wendell Brown,* for defendant.

NORTH, J.   Plaintiff, John P. McCarthy, while serving as a lieutenant of the police department of Detroit, was a witness before Honorable Homer Ferguson, a judge of the circuit court of Wayne county, who was conducting an investigation under the statute (3 Comp. Laws 1929, § 17217 *et seq.* [Stat. Ann. § 28.943 *et · seq.*]) for the purpose of ascertaining whether certain violations of the criminal laws were prevalent in Wayne county. During the course of plaintiff's examination the circuit judge, being of the opinion that the answers given by plaintiff were "evasive" and that plaintiff was guilty of deliberately and corruptly giving false testimony, adjudged plaintiff guilty of contempt of court.   Thereupon the circuit judge on August 31, 1939, imposed sentence by committing plaintiff to the county jail for five days unless sooner discharged by law.   Plaintiff served the jail sentence and was discharged from custody September 4, 1939. Thereafter and on September 25, 1939, being desirous of obtaining leave from this court to appeal, plaintiff sought to have a concise record settled before the circuit judge on the basis of which an application for leave to appeal could be considered in this court.   As a part of such concise record plaintiff sought to have embodied therein that portion of his testimony as to which the circuit judge held plaintiff's answers were evasive and wherein the circuit judge found plaintiff had testified falsely. Plaintiff also sought to have embodied in the concise record the facts or circumstances known to the circuit judge in consequence of which his conclusion was reached that plaintiff's answers were evasive and that he had deliberately given false testimony.

The circuit judge refused to embody in the concise statement these portions of the proceedings had before him. Plaintiff petitioned this court for a writ of mandamus, the prayer of his petition being as follows:

"Wherefore your petitioner and appellant, John P. McCarthy, respectfully prays that a writ of mandamus issue, directing the Honorable Homer Ferguson to disclose and supply the questions and answers of petitioner and appellant which were adjudged and determined to be contumacious, in that they were evasive and/or false, and such facts or knowledge upon which he relied or took judicial notice in making such determination."

An order to show cause was issued. In his return to this order the circuit judge primarily based his refusal to make the record sought by plaintiff on the ground that by statutory provision he was prohibited from so doing, and that such was the rule at common law. The pertinent portion of the statute reads:

"And in respect of communicating or divulging any statement made by such witnesses during the course of such inquiry, the justice, judge, prosecuting attorney and other person or persons who may, at the discretion of such justice, be admitted to such inquiry, shall be governed by the provisions of law relative to grand jurors." 3 Comp. Laws 1929, § 17218 (Stat. Ann. § 28.944).

In the return of the circuit judge to the order to show cause the following appears:

"At common law it was a criminal offense for a grand juror to disclose the evidence adduced before the grand jury. Matters penetrating the secrecy of the grand jury room will not be allowed. It is the policy of the law that grand jury proceedings be secret, and that the minutes thereof be not revealed.

*Commonwealth* v. *Harris,* 231 Mass. 584 (121 N. E. 409) ; *State* v. *Branch,* 68 N. C. 186 (12 Am. Rep. 633) ; *People* v. *Steinhardt,* 47 Misc. 252 (93 N. Y. Supp. 1026) ; *Coblentz* v. *State,* 164 Md. 558 (166 Atl. 45, 88 A. L. R. 886) ; *Hitzelberger* v. *State,* 173 Md. 435 (196 Atl. 288) ; *State* v. *Perry,* 149 La. 1065 (90 South. 406) ; *In re Martin,* 170 Misc. 919 (11 N. Y. Supp. [2d] 607)."

The circuit judge in his return further calls attention to *McComb* v. *City Council of City of Lansing,* 264 Mich. 609, 614, where we said: "A hearing before a grand jury usually is secret." The return of the circuit judge also discloses that he was ready and willing to certify to what he considered a proper concise statement incident to the application for leave to appeal, but for the reasons above noted and the further reason that to disclose the testimony requested by plaintiff would seriously impair the results sought to be obtained in the inquisitorial proceedings being conducted by the circuit judge, he declined to embody in the concise statement the testimony which plaintiff seeks to have therein.

For reasons hereinafter indicated we are of the opinion that decision in this mandamus proceeding does not require an adjudication of whether one who timely seeks to review a sentence imposed in consequence of his having been found guilty of contempt of court is entitled to have embodied in the concise statement incident to his application for leave to appeal testimony of the character sought by plaintiff in the instant case. As noted above plaintiff served the jail sentence imposed. Prior to the expiration of the term of commitment, he made no application for leave to appeal, for stay of proceedings, for the fixing of a bond for his release from custody, nor in any other manner sought a stay or

a review of the sentence imposed upon him.  Having served his sentence, the whole contempt proceeding was at an end.  It was not until several days thereafter that plaintiff sought by petition leave to appeal.  In his return to the order to show cause in this mandamus proceeding, it is pointed out by the circuit judge that in view of the facts and circumstances above noted the contempt proceeding which plaintiff seeks to review is wholly moot and that our writ of mandamus should not issue to compel the settling of a concise statement incident to plaintiff's application for leave to appeal and review a moot question.

To review a moot question would be a purposeless proceeding.  We have repeatedly refused to hear such matters.  *People* v. *Leavitt,* 41 Mich. 470; *Ishpeming* v. *Maroney,* 49 Mich. 226; *Pittsburgh Plate Glass Co.* v. *Charles Klein Co.,* 177 Mich. 399; *Howe* v. *Doyle,* 187 Mich. 655; *Thomas* v. *Montcalm Circuit Judge,* 228 Mich. 44; *Sullivan* v. *Michigan State Board of Dentistry,* 268 Mich. 427; *Horowitz* v. *Rott,* 235 Mich. 369.  In this last-cited case Justice Fellows, speaking for the court, said:

"The judgment in the circuit court having been satisfied, there is nothing before us for review, nothing upon which a writ of error can operate.  In *Ideal Furnace Co.* v. *International Molders' Union of North America,* 204 Mich. 311, one Murray had been fined $10 for contempt, and paid the fine.  He then sought review in this court.  We there said:

" 'We are convinced that upon this record the questions are purely academic; that no real and substantial controversy is before us; that the order of the court below having been satisfied and the fine paid no relief can now be granted appellant.  The defendant by his own act has discharged the order entered by the court below.  There is nothing before us for determination.' "

It cannot be denied that in a legal sense the contempt proceeding is moot. In his application for leave to appeal plaintiff charged that the circuit judge was without jurisdiction to conduct the inquisitorial proceedings, that there was error in finding plaintiff guilty of contempt without an affirmative showing that his evasive or false answers were material to the matters being inquired into, and that the commitment by which plaintiff was confined was void in that it did not appear on the face of such commitment that plaintiff's answers "were material to the matters being inquired into." Obviously plaintiff cannot now be benefited by a review of any of these issues. But plaintiff seeks to embody a so-called "appendix to the concise statement" in the record which the circuit judge refused to include therein. This rejected matter is a notice of suspension given August 31, 1939, to plaintiff by his superior police officer and reads:

"To: Lieutenant John P. McCarthy.
  "Subject: Suspension from Duty.
  "Because of the action of Judge Homer Ferguson, sitting as a one-man Grand Jury, in sentencing you to five days in the Wayne County Jail for contempt, you are hereby notified that you are suspended indefinitely from duty effective this date."

While it may be inferred from plaintiff's brief that his reinstatement on the police force may depend on its being adjudicated that he was wrongfully or irregularly found guilty of contempt, it is nowhere so asserted in the record. We are concerned on review only with questions properly presented by the record. Decisions on appeal cannot be motivated by extra-judicial matters.

Notwithstanding plaintiff's contrary contention, we think his right of appeal is not affected by the fact that his sentence for contempt was a jail com-

mitment rather than the payment of a fine. One type of penalty is not less voluntary than the other, nor can it be said in a legal sense that the convicted party's disgrace or humiliation is greater in the one case than the other. Such in effect was the opinion of the court in each of the following cases. *State* v. *Westfall,* 37 Iowa, 575; *State* v. *Cohen,* 45 Nev. 266 (201 Pac. 1027, 18 A. L. R. 864); *Tropp* v. *State,* 17 Okla. Crim. 702 (186 Pac. 737).

Plaintiff's failure to appeal or even to attempt to appeal before the sentence imposed in the contempt proceeding had been fully served produced a situation wherein no legal remedy is available to him. The contempt proceeding which plaintiff seeks to review is wholly moot, and further consideration thereof by this court should not be indulged. Such is the purport of our holdings in the cases above cited. Since granting the writ of mandamus sought by plaintiff in the instant proceeding would serve no purpose, it should not be ordered. Plaintiff's petition filed herein is dismissed, with costs.

Bushnell, C. J., and Sharpe, Chandler, McAllister, Wiest, and Butzel, JJ., concurred. The late Justice Potter took no part in this decision.