Commonwealth ex rel. Withers *v.* Ashe, Warden.

*Catherine Withers,* relator, in propria persona.

*Stephens Mayer,* District Attorney, and *Bruce A. Sciotto,* Assistant District Attorney, for Commonwealth.

OPINION BY MR. CHIEF JUSTICE MAXEY, October 31, 1944:

This case came before us by a petition for a writ of habeas corpus, though it is called both a petition for such a writ and an appeal from the action of the Court of Common Pleas of Cambria County dismissing a petition for a writ of habeas corpus. The petition which was filed by the wife of the prisoner, Graynor Withers, sets forth that the Court of Common Pleas of Cambria County "stated it had no jurisdiction in the case inasmuch as Graynor Withers is now a prisoner in the State penitentiary and has release through the State Supreme Court only".

The chief reason advanced for the writ is that the prisoner was sentenced *both* for burglary and for aggravated assault and battery, each offense being committed on April 2, 1939, "about the hour of eleven". For these respective offenses minimum consecutive sentences of five years and one and a half years imprisonment were imposed by the appropriate courts of Cambria County after the accused had formally waived in writing "the finding of a true bill by the grand inquest" and had pleaded guilty to each offense. It is contended that the offense of aggravated assault and battery merged in the offense of burglary because both offenses were successive steps in the same transaction.

This contention has no merit. We said in *Commonwealth ex rel. Moszczynski v. Ashe, Warden,* 343 Pa. 102,

104, 21 A. 2d 920: "The true test . . . is whether one crime *necessarily involves* another. . . . When one of two criminal acts committed successively is not a necessary ingredient of the other, there may be a conviction and sentence for *both.*" Aggravated assault and battery is not a necessary ingredient of burglary. The two consecutive sentences complained of are not illegal.

The prisoner also complains that he was unlawfully sentenced because he was not represented by counsel when he entered his pleas of guilty. This contention is shown to be devoid of merit by our opinion in *Commonwealth ex rel. McGlinn v. Smith, Warden,* 344 Pa. 41, 24 A. 2d 1, wherein we said, inter alia (page 48) : "The right guaranteed by the Pennsylvania Constitution (Art. I, sec. 9) of an accused to be *"heard by counsel"* has never been challenged or abridged in this Commonwealth; the right of an accused to be *supplied with counsel when none is asked for* was never until recent years asserted in this Commonwealth. This court has never countenanced the idea that the accused in a criminal case when the charge is other than murder is being deprived of a constitutional right if he is not informed in advance of his trial that counsel will be assigned him upon request."

It is also contended in behalf of the prisoner that an accused cannot be legally sentenced for any crime to which he pleads guilty unless he has been indicted for that crime, or in other words, that without an indictment there is no "due process of law". The answer to that contention is that the Act of April 15, 1907, P. L. 62 (19 P.S., Sec. 241), as amended by the Act of June 15, 1939, P. L. 400, sec. 1 (Purdon's 1943 Cumulative Annual Pocket Part, p. 22), provides for the preparation by the district attorney of a "bill of indictment, in the usual form, ". . . and to the entry thereon of the plea of guilty at the request of . . . defendant or defendant's counsel" and for the imposition of "sentence for the offense set forth therein". The above acts are constitu-

496

tional: *Commonwealth v. Francies*, 250 Pa. 496, 95 A. 527; *Commonwealth ex rel. Jackowski v. Fluck*, 147 Pa. Superior Ct. 434, 24 A. 2d 729.

The writ is refused.