Commonwealth ex rel. Stengel *v.* Burke,
Acting Warden.

OPINION BY BALDRIGE, P. J., September 26, 1945.

At the June Term, 1930, of the Courts of Oyer and Terminer and Quarter Sessions in and for Philadelphia County, the relator, Harry Stengel, and two other defendants were indicted on Bills Nos. 1253, 1254, 1255, and 1256, charged with robbery, burglary, attempted entering with intent to steal, and larceny, respectively. Stengel was convicted on all bills and was sentenced June 10, 1930, on Bills Nos. 1254 and 1255, charging

burglary and attempted entering with intent to steal, to serve not less than five, nor more than ten, years in the Eastern Penitentiary, on each bill; sentences to run consecutively. The relator was paroled on September 24, 1940. While on parole he was arrested in Philadelphia County and on June 7, 1944, he pleaded guilty to the charge of burglary and receiving stolen goods. For these offenses he was given a term of three months in the Philadelphia County prison, to begin after the expiration of his unserved sentence in the penitentiary, to which he was returned as a parole violator.

The relator claims he is unjustly detained under the Act approved June 25, 1937, P. L. 2093, 19 PS §897, defining the method of computing aggregate minimum and maximum limits of consecutive sentences. This statute provides that when two or more sentences to run consecutively are imposed by any court, the minimum sentence shall be the total of the minimum limits of the several sentences imposed and the maximum sentence shall be the total of the maximum limits imposed. It has no application as the sentences in question were imposed prior to its passage. Even under its provisions the relator was required to serve a minimum of ten years and a maximum of twenty years. The prison authorities on their records evidently improperly entered Stengel as a prisoner serving a single sentence with a minimum of ten years and a maximum of twenty years as was done in *Commonwealth ex rel. Lynch v. Ashe,* 320 Pa. 341, 342, 182 A. 229. After serving ten years he was released on parole. His qualified release from prison in 1940 was revoked by his breach of his parole conditions. He then was compelled to serve the balance of his total maximum sentences in the penitentiary, unless again paroled, as he had forfeited his liberty by his misconduct: *Commonwealth ex rel. Wall v. Smith et al.,* 345 Pa. 512, 29 A. 2d 912.

The relator also claims that he was deprived of his constitutional right of being represented by counsel at

the trial. The record contradicts this claim. It shows that Herman H. Berlin, Esq., appeared for all the defendants, including the petitioner, who went on the stand and was examined by Mr. Berlin. Furthermore, it has been held that failure of the trial court to provide counsel when, as here, none is requested by defendant, unless the crime charged is murder, does not deprive defendant of his constitutional rights: *Commonwealth ex rel. Withers v. Ashe,* 350 Pa. 493, 39 A. 2d 610.

The writit is refused.