## Commonwealth ex rel. Fitts *v.* Smith, Warden.

PER CURIAM, September 26, 1945 :

The relator in this habeas corpus proceeding came to Pennsylvania from Georgia, where he had a criminal record. On December 9, 1938, he was arrested in Adams County and convicted of aggravated assault and battery

and robbery, and sentenced to from five to ten years in the Eastern Penitentiary. He was placed on parole at the expiration of his minimum term. On December 12, 1944, he was arrested again in Philadelphia, charged with larceny and receiving stolen goods, and with carrying concealed deadly weapons. He was convicted of receiving stolen goods. Sentence was suspended, but he was returned as a parole violator to the Eastern Penitentiary.

The relator in his petition for a writ of habeas corpus claims that he is illegally detained as at his trial in Philadelphia County he was deprived of his constitutional rights to have the assistance of counsel for his defense. The right is guaranteed to one accused of crime to be "heard by himself and his counsel" under Article I, section IX. There is no provision, however, in our constitution that requires a defendant in a criminal action to be supplied with counsel when none is requested: *Commonwealth ex rel. McGlinn v. Smith, Warden,* 344 Pa. 41, 47, 48, 24 A. 2d 1; *Commonwealth ex rel. Withers v. Ashe,* 350 Pa. 493, 39 A. 2d 610.

No sufficient reason having been advanced for the release of relator the petition for writ of habeas corpus is refused.